UNITED STATES of America,
Appellee,

v.

Irma Madaline KELLER, Appellant.

No. 74–1669.

United States Court of Appeals,
Third Circuit.

Argued Jan. 21, 1975.

Decided March 4, 1975.

Jonathan L. Goldstein, John J. Barry, Laurence R. Maddock, Asst. U. S. Attys., Newark, for appellee.

Michael A. Querques, Orange, N. J., Michael C. Willner, Morristown, N. J., for appellant.

Before VAN DUSEN, GIBBONS and HUNTER, Circuit Judges.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

This is an appeal from a conviction on all six counts of an indictment for passing and possessing counterfeit bills in violation of 18 U.S.C. § 472.[1] The first five counts charged the defendant with passing either one or two $100 counterfeit bills on five separate occasions. The sixth count charged possession of two $100 counterfeit bills with intent to defraud. After the jury returned its verdict of guilty, appellant was sentenced on count I to a six-year term of imprisonment and was fined $2500. However,

---

1. The statute provides:

Whoever, with intent to defraud, passes, utters, publishes, or sells, or attempts to pass, utter, publish, or sell, or with like intent brings into the United States or keeps in possession or conceals any falsely made, forged, counterfeited, or altered obligation or other security of the United States, shall be fined not more than $5,000 or imprisoned not more than fifteen years, or both.

execution of the sentence of imprisonment was suspended, and appellant was placed on probation for a period of five years. Sentence was also suspended with respect to the remaining five counts, and appellant was placed on a five-year period of probation for each of those counts, the probationary periods to run concurrently with each other and with the probationary term on count I. We reverse in part and affirm in part.

## I

Appellant challenges her conviction on count I as unsupported by the evidence. This count charged that on February 20, 1973, appellant passed two $100 counterfeit bills at Crouse's Dairy Store [1a] in Somerset, New Jersey. The only witness who testified to this transaction was Fred Frankel, an employee of Crouse's, who stated that on the evening of February 20, a woman in her late forties or early fifties [2] purchased some groceries and a $170 money order. The purchases were made with two $100 bills which were proven to be counterfeit. Frankel, however, was unable to make a courtroom identification of the woman who passed the bills, even though his attention was specifically directed to the defendant (N.T. 72–73).

Frankel was then shown five photographs and asked if he had seen them before. He said that he recalled seeing them in March 1973. The direct testimony was as follows:

Q: Do you recall making some response to any question as to whether or not you recognized a person? Were you asked?

A: I was asked a question, "Of these pictures, which one looks most like the person that you think passed these two one hundred dollar bills?"

Q: Yes, exactly. And did you indicate that one of the pictures looked more like the person?

A: Yes.

Q: Could you indicate by letter— this is A, B, C, D and E—which one is more similar?

A: A.

(N.T. 77). It was thereafter stipulated that appellant's photograph was the one selected by the witness.

We agree with appellant that this purported photographic identification was patently insufficient to sustain a conviction on this count. While we acknowledge that it is proper to allow a witness to testify about his pretrial photographic identification of a defendant, even where the witness is unable to make an in-court identification,[3] a conviction cannot stand where it rests solely on an identification as uncertain as this one.[4] Here, the witness (Frankel) did not even say that the appellant's photograph *in fact* resembled the person who passed the counterfeit bills to him, or that he thought that the person in the photograph was the individual in question. All he said was that he had stated, on an earlier occasion, that out of the five photographs shown him, the one of appellant looked "most like" the individual in question.

Not only was this "identification" too tentative to sustain the conviction, but an examination of the photographs shows that this photographic presentation was blatantly suggestive. Although Mrs. Keller was fifty years of age at the time, three of the pictures show women who appear at most to be in their twenties.[5] Only one of the photographs even remotely resembles Mrs. Keller in age, and the woman there appears about ten

---

1a. The correct name of the store appears to be Krouser's. However, because both the briefs and the transcript refer to it as Crouse's, we shall use the latter name to avoid confusion.

2. Mrs. Keller was fifty years old at the time of this transaction.

3. Government of the Virgin Islands v. Petersen, 507 F.2d 898 (3d Cir., 1975).

4. *See, e. g.,* United States v. Musquiz, 445 F.2d 963, 965 (5th Cir., 1971); United States v. Johnson, 427 F.2d 957, 961 (5th Cir., 1970); United States v. Levi, 405 F.2d 380, 383 (4th Cir., 1968).

5. One of the women was twenty-three. The ages of the others were not specified, but one appears in her late twenties and the other could well be a teenager.

years younger, has dark hair (in contrast to Mrs. Keller's blond) and, unlike Mrs. Keller, is not pictured wearing glasses. Given the combination of the suggestiveness of the presentation and the deficient identification, the conviction cannot stand.[6]

The Government contends that any deficiency in the photographic identification was remedied by corroborating evidence. Even assuming *arguendo* that a photographic identification made under such suggestive circumstances was properly admissible and thus could be corroborated, we do not believe that there was sufficient corroboration here. The Government points to the facts that appellant was positively identified either passing or in possession of $100 counterfeit bills on four other occasions, that all of the bills she allegedly passed or possessed were made from the same counterfeit plate, and that eight of the bills (including one of the two she allegedly passed to Frankel) bore the same serial number. However, we do not see how this evidence was sufficient to support the inference that appellant was the one who passed the bill at Crouse's. Counterfeit bills often have wide distribution, and we see no basis for inferring that, merely because all the bills in question were made from the same plates and some of them were indisputably passed by appellant, appellant was therefore the individual who passed all of them. There is simply no evidence, except for Frankel's deficient identification, which tends to place appellant at Crouse's at the time the two $100 counterfeit bills were passed. We thus conclude that the evidence was insufficient to support the conviction on count I.[7]

We also believe that the evidence was insufficient to sustain the conviction on count III.[8] This count charged that on February 22, 1973, the defendant passed two $100 counterfeit bills to Galsworthy, Incorporated. Raymond Salva, an employee of Galsworthy, testified that on that date he went to the Surrey Inn to get payment for a liquor bill and was given two $100 bills which were proven to be counterfeit. At that time, appellant was a principal stockholder in the corporation that owned the Inn. However, Salva never identified appellant as the one who passed him the two bills. While he testified that he knew Mrs. Keller and was "friendly" with her and that he would not have any problem identifying her, he was never asked whether she was the one who passed him the bills, and he never identified her as the person. Since there was not even an attempted identification and there was no other evidence linking appellant to this transaction, the evidence on this count is patently insufficient.[9]

---

6. *Cf.* Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); United States ex rel. Reed v. Anderson, 461 F.2d 739, 745–46 (3d Cir., 1972) (*en banc*).

7. The Government cites three cases in support of its contention that the corroborative evidence, combined with the photographic identification, was sufficient to sustain the verdict on count I, but we believe that none of them is helpful to the Government. In United States v. Hines, 470 F.2d 225 (3d Cir., 1972), there was no challenge to the sufficiency of the pretrial photographic identification. In United States v. Barber, 429 F.2d 1394, 1396 (3d Cir., 1970), the court reversed the conviction, primarily because of the failure of a witness to make either a pretrial photographic identification or an in-court identification. In Smith v. United States, 358 F.2d 695 (5th Cir.), cert. denied, 384 U.S. 971, 86 S.Ct. 1862, 16 L.Ed.2d 682 (1966), the photographic identification was corroborated by other testi-

mony clearly linking the defendant to the operation of an illicit liquor distillery.

8. Since sentence was suspended on counts two through six and a probationary term of five years was imposed on each count, to run concurrently with each other, we could exercise our discretion under the concurrent sentence doctrine and refuse to consider the appeal on count III. *See* Barnes v. United States, 412 U.S. 837, 848 n. 16, 93 S.Ct. 2357, 37 L.Ed.2d 350 (1973). However, we choose not to do so. *Cf.* United States v. McKenzie, 414 F.2d 808, 811 (3d Cir., 1969), cert. denied, 396 U.S. 1019, 90 S.Ct. 586, 24 L.Ed.2d 510 (1970).

9. This defect was so glaring that the conviction on this count must be reversed despite defense counsel's failure to object to the court's charge that "[t]here is no issue of identification raised on counts two through six."

## II

 With respect to the remaining four counts, however, we conclude that the convictions must stand.[10] We first reject appellant's contention that the trial court erred in refusing defense counsel's request to see the first two pages of officer Cannon's police report.[11] Since appellant concedes that those two pages were outside the purview of officer Cannon's direct testimony, we find her contentions without merit. The Jencks Act, 18 U.S.C. § 3500, specifically authorizes the trial court to excise those portions of such reports which "do not relate to the subject matter of the testimony of the witness." *Id.* § 3500(c).

We also reject appellant's contentions that the Assistant United States Attorney's remarks in summation denied appellant a fair trial. Defense counsel failed to object to the prosecutor's remark characterizing appellant's daughter's testimony as "an over hashed second or third hand version," [12] and since such a statement was clearly not so prejudicial as to constitute "plain error," we cannot reverse. United States v. Somers, 496 F.2d 723, 742 (3d Cir., 1974). We likewise reject appellant's contention that the prosecutor improperly expressed his personal opinion on the guilt of the defendant, since the particular remark objected to referred only to appellant's daughter, not to appellant herself.[13] Finally, we see no error in the prosecutor's comment on the absence of a Mr. Polin, a witness who might have corroborated the testimony of appellant's daughter. It is perfectly proper to comment on the failure of the defense to call a potentially helpful witness, at least where, as here, the comment could not be construed as a comment on the failure of the *defendant* to testify. *See* United States v. Kenny, 462 F.2d 1205, 1228 (3d Cir.), cert. denied, 409 U.S. 914, 93 S.Ct. 233, 34 L.Ed.2d 176 (1972), United States v. McClain, 469 F.2d 68, 70 (3d Cir., 1972).

Finally, we reject appellant's various contentions that the court's charge to the jury was in error. We do not believe the portion of the charge relating to the burden of proof was confusing to the jury or prejudicial to the defense. Nor do we believe that the trial judge's charge was contrary to the testimony when he stated that the investigators had some reason to believe that there was a link between appellant and the source of the counterfeit finds. See N.T. 167. Likewise, there was no error in refusing to charge that facts susceptible of two interpretations, equally consistent with guilt or innocence, must yield a verdict of not guilty. See Holland v. United States, 348 U.S. 121, 139–40, 75 S.Ct. 127, 99 L.Ed. 150 (1954). Finally, we note that, contrary to appellant's contention, the court did charge the jury that knowledge was an essential element of the crime of possession. See N.T. 295.

The judgment of conviction on counts I and III will be reversed; the judgment of conviction on counts II, IV, V and VI will be affirmed.

---

10. Appellant does not challenge the sufficiency of the evidence on any of these counts.

11. The court had afforded defense counsel the right to see pages three and four of the report, since they related to officer Cannon's direct testimony.

12. A review of the transcript shows that defense counsel objected only to the prosecutor's reference to the absence of Mr. Polin. (N.T. 261–264).

13. The prosecutor stated that the Government did not consider *Miss* Keller a "truthful witness." The appellant, Mrs. Keller, never took the stand at trial.