**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Gary MITCHELL, Defendant-Appellant.**

**No. 78-2045.**

United States Court of Appeals, Tenth Circuit.

Argued Nov. 28, 1979.

Decided Jan. 3, 1980.

Certiorari Denied March 3, 1980. See 100 S.Ct. 1283.

Richard J. Smith, Asst. U. S. Atty., Albuquerque, N. M. (R. E. Thompson, U. S. Atty., Don J. Svet, Asst. U. S. Atty., Albuquerque, N. M., with him on the brief), for plaintiff-appellee.

Tova Indritz, Asst. Federal Public Defender, Albuquerque, N. M., for defendant-appellant.

Before SETH, Chief Judge, and BREITENSTEIN and LOGAN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The jury found defendant-appellant Mitchell guilty of possession of an unregistered firearm, to-wit, a sawed off shotgun, in violation of 26 U.S.C. §§ 5861(d) and 5871. For reversal defendant relies on evidentiary errors and prosecutorial misconduct. We affirm.

Government evidence established that the shotgun was less than the required length, was operable, and was not registered. On the evening of September 26, 1977, defendant was playing a game of pool with a man known as Tennessee in Snappy's Pit Barbeque, Farmington, New Mexico. A dispute arose over wagers on the game. Tennessee, who did not testify, told Cleaver, the operator of the barbeque, that he had been robbed. Cleaver saw defendant and his wife leave the barbeque and testified that defendant had something in his hand which might have been a pool cue.

Heath, a barbeque customer, testified that he saw a black man and a white man playing pool. The black man had a shotgun which he brandished at those in the barbeque and held in his hands while passing within a few feet of Heath. Heath described the shotgun and said that it looked similar to the shotgun which was introduced in evidence. Heath also saw a case for a pool cue on a table and observed the black man back out of the door which was held open by a woman wearing a described coat. Heath made a courtroom identification of the defendant as the black man. Witness Biddle, another barbeque customer, testified that on the evening in question he saw a black man, whom he identified as the defendant, carrying a sawed off shotgun.

Defendant was on probation for a state offense. On September 27 a Farmington police officer, Pearson, accompanied by defendant's state probation officer, went to defendant's home to arrest him. They acted on information given them by Cleaver, the barbeque operator. Pearson observed that some one had left hurriedly. Defendant's wife permitted Pearson to enter and said that defendant was not there. Pearson observed that the back door was ajar and saw foot prints leading from it. He followed the foot prints but lost them. Continuing in the direction the foot prints indicated, he found a sawed off shotgun in a barbeque pit about 100 feet from the back door of defendant's home.

The only defense witness was the defendant who denied possession of the shotgun. He admitted playing pool with Tennessee and the dispute. Defendant said that the money wagered was on a table and that, after the dispute, he took his share and left that belonging to Tennessee. He then took his pool cue and, with his wife, went out of the barbeque.

On cross-examination of the defendant, the prosecutor asked him: "Specifically, did you ever tell Buford Clark [the state probation officer] that you ran out of the house when the police came?" The court sustained an objection by defense counsel on the ground that no disclosure of such a statement had been made as required by Rule 16(a)(1)(A), F.R.Crim.P. Defendant did not ask for a mistrial or request any cautionary instruction.

█ As part of the disclosures required to be made by the government, the Rule lists

"the substance of any oral statement which the government intends to offer in evidence at the trial made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent."

The government did not disclose any statement by defendant to the state officer. The fact that the statement was made to a state probation officer does not make the rule inapplicable. See *United States v. Heath*, 10 Cir., 580 F.2d 1011, 1018–1019.

The government argues that the statement is not within the Rule because it was intended to be used only in rebuttal. This contention was also rejected in *Heath*, id. at 1021. See also *United States v. Lewis*, D.C. Cir., 167 U.S.App.D.C. 232, 237, 511 F.2d 798, 803, n. 8.

█ In the circumstances presented, the government violated Rule 16 by not disclosing the statement by defendant to his probation officer. The question is what sanction should be imposed. Rule 16(d)(2) says that on noncompliance by a party

"the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances."

In the instant case the trial court sustained the defense objection and the matter was not again mentioned. Defense counsel did not request any cautionary instruction or seek the imposition of any sanction. The court had no reason to do anything further. As noted in *Heath*, supra, 580 F.2d at 1021, the problem is whether the question was itself prejudicial. As in *Heath*, id., we do not condone the action of the government but are convinced that in the circumstances

presented the asking of the unanswered question did not prejudice the rights of the defendant.

■ Defendant claims that testimony of an armed robbery at the barbeque was inadmissible hearsay and improper evidence of another crime. Cleaver testified without objection that Tennessee told him that he, Tennessee, had been robbed. On cross-examination Heath said that: "Tennessee came out and said he had been robbed, and I didn't known anything as far as being robbed. I did not see that take place." Defense did not move to strike the answer. On cross-examination Biddle said: "I don't know if there was a robbery or not." Again the defense let the answer stand. By failure to object or to move to strike defense counsel gave the trial court no opportunity to rule on the testimony which he now attacks. The defense may not invite error and then complain. See *United States v. Riebold,* 10 Cir., 557 F.2d 697, 708, cert. denied 434 U.S. 860, 98 S.Ct. 186, 54 L.Ed.2d 133 and *Hanks v. United States,* 10 Cir., 388 F.2d 171, 173.

■ The testimony is also alleged to be inadmissible because it shows the commission of another crime and, hence, is precluded by Rule 404(b) of the Federal Rules of Evidence. We do not agree. The government had to connect the defendant with the shotgun. It did so through the testimony of Cleaver, Heath, and Biddle relating to the conduct of the defendant at the barbeque during the evening before the shotgun was found and the defendant arrested. That conduct was closely and inextricably mixed and connected with the offense charged because it showed defendant's possession of a sawed off shotgun. The testimony was properly received. *United States v. Walton,* 10 Cir., 552 F.2d 1354, 1365, cert. denied 431 U.S. 959, 97 S.Ct. 2685, 53 L.Ed.2d 277 and cases there cited.

■ In his closing argument, the prosecutor said that the government had proved not only that the defendant possessed the shotgun but had used it to commit an armed robbery. Defense counsel objected and moved for a mistrial. The court sustained the objection and denied the mistrial saying: "Well, I sustained the objection. I have told the jury not to regard the armed robbery." Because the testimony of the robbery was not objected to, or requested to be stricken, it was part of the record for consideration by the jury, and a proper subject for prosecutorial comment. *United States v. Jamerson,* 9 Cir., 549 F.2d 1263, 1267.

■ In his closing argument, defense counsel emphasized that Tennessee was not called as a witness and should have been because he was the one allegedly robbed. In his closing the prosecutor referred to the mention of Tennessee and said:

"* * * I ask you to consider the significance of this—where is Alice Mitchell, the wife of this defendant?"

No objection was made at the time to this statement but it was urged as a ground for a new trial. Defendant relies on *Hawkins v. United States,* 358 U.S. 74, 77, 79 S.Ct. 136, 3 L.Ed.2d 125. That case is not in point because there the wife was permitted to testify over the husband's objection. In the instant case, the wife was not called to the stand and did not testify. *Bisno v. United States,* 9 Cir., 299 F.2d 711, 721–722, cert. denied 370 U.S. 952, 82 S.Ct. 1602, 8 L.Ed.2d 818, acknowledged the Hawkins rule and said that the failure of the defendant to provide his wife's testimony "when he alone had the opportunity to do so was a proper subject of comment." The failure of a party to call a witness having knowledge of the facts is a proper subject for comment. *United States v. Dyba,* 10 Cir., 554 F.2d 417, 422, cert. denied 434 U.S. 830, 98 S.Ct. 111, 54 L.Ed.2d 89. The argument of defense counsel invited the prosecutor's response. The court instructed the jury on burden of proof and on the right of the defendant not to call any witnesses. The argument was proper.

Affirmed.