**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Oscar GOMEZ–OLIVAS,
Defendant–Appellant.**

No. 88–2227.

United States Court of Appeals,
Tenth Circuit.

March 1, 1990.

Carlos Ogden (Ralph E. Ellinwood, also of John F. Schaber, P.A., Deming, N.M., on the briefs), for defendant-appellant.

David N. Williams, Asst. U.S. Atty. (William L. Lutz, U.S. Atty., with him on the brief), Albuquerque, N.M., for plaintiff-appellee.

Before LOGAN and BRORBY, Circuit Judges, and ALLEY, District Judge.*

* The Honorable Wayne E. Alley, United States District Judge for the Western District of Oklahoma, sitting by designation.

1. We note that the First Circuit, without citing *De Hernandez,* rejected such an argument.

LOGAN, Circuit Judge.

Defendant Oscar Gomez–Olivas appeals his conviction for possession with intent to distribute and importation of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 952(a). The issues on appeal are: (1) the sufficiency of the district court's "no-adverse-inference" jury instruction and (2) the propriety of certain closing argument comments by the prosecutor.

Defendant and Sarah C. Herrera made a trip together into Mexico, and upon their return to this country, U.S. customs officials found more than fifty kilograms of marijuana hidden in a large secret compartment of the truck they were driving. Both defendant and Herrera were charged. The government dismissed the charges against Herrera, and she became the principal witness against defendant at his trial. A jury convicted defendant on both counts.

I

■ Defendant contends we must overturn his conviction upon the authority of this circuit's decision in *United States v. De Hernandez,* 745 F.2d 1305 (10th Cir. 1984). That opinion was an interpretation of the Supreme Court's decision in *Carter v. Kentucky,* 450 U.S. 288, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981), that the Fifth and Fourteenth Amendments require a trial court, upon proper request by the defendant, to instruct the jury in a criminal case that no adverse inference can be drawn from the defendant's decision not to testify. The defendants' requested instructions in both *Carter,* 450 U.S. at 294, 101 S.Ct. at 1116, and *De Hernandez,* 745 F.2d at 1309, also stated that the defendant cannot be compelled to testify. Although the Court in *Carter* did not address this aspect of the requested instruction, *De Hernandez,* 745 F.2d at 1309, held "that for an instruction on this [no-adverse-inference] point to be complete it should include the compulsion aspect." [1]

*United States v. Ladd,* 877 F.2d 1083, 1089 (1st Cir.1989). Because of the procedural posture of this case, there is no reason to initiate a re-examination of *De Hernandez,* or determine whether the instructional language given in this

The instruction given in this case was virtually identical to the instruction challenged and disapproved in *De Hernandez*, 745 F.2d at 1309.[2] In this case, however, the defendant's proposed no-adverse-inference instruction, unlike those requested in *Carter* and *De Hernandez*, did not include a statement on the compulsion aspect—that defendant cannot be compelled to testify or has a right not to testify.[3] In *Carter* the Supreme Court stated expressly that "a criminal trial judge must give a 'no-adverse-inference' jury instruction" only "when requested by a defendant to do so." 450 U.S. at 300, 101 S.Ct. at 1119; *see also Coleman v. Brown*, 802 F.2d 1227, 1234–35 (10th Cir.1986), *cert. denied*, 482 U.S. 909, 107 S.Ct. 2491, 96 L.Ed.2d 383 (1987). We believe this principle also applies to the compulsion aspect of a no-adverse-inference instruction. Because the reference to compulsion underscores the fact that defendant is permitted to take the stand to testify, some defense counsel may not want the reference in the instruction. *Cf. id.* at 1235 (whether to request no-adverse-inference instruction is within attorney's tactical discretion). The trial judge is entitled to know when a defendant wants the compulsion aspect included in the instruction. Because defendant here did not request that the no-adverse-inference instruction contain a statement on compulsion, the trial court did not err in excluding it.

At trial, defendant's only objection to the trial court's no-adverse-inference instruction was that it did not conform to the wording he requested. Of course, it is well settled that the form of jury instructions is a matter for the trial court's discretion, and the trial court need not give an instruction in the exact form and language requested. *E.g., United States v. Gallup*, 812 F.2d 1271, 1279 (10th Cir.1987). This principle is equally applicable to a no-adverse-inference instruction. *See United States v. Ladd*, 877 F.2d 1083, 1089 (1st Cir.1989); *United States v. Russo*, 796 F.2d 1443, 1454–55 (11th Cir.1986). The instruction in this case was adequate under the circumstances.

## II

Defendant also argues that certain comments by the prosecutor during rebuttal summation were an impermissible comment on defendant's failure to testify and an improper attempt to shift the burden of proof to the defendant.

Defendant called as a witness Carlos Johnson, the Mexican immigration official who admitted defendant and Herrera to Mexico. Johnson's testimony was not entirely consistent with Herrera's version of their entrance into Mexico. According to Johnson, one aspect of his version could be corroborated by documentation on file in Mexico; yet, neither the government nor defendant attempted to produce this documentary evidence.

In response to the prosecutor's initial summation in closing arguments, defense counsel argued that Herrera's testimony was inconsistent and unbelievable, citing among other things, Johnson's testimony. Responding in rebuttal summary, the prosecution challenged Johnson's testimony by referring, among other things, to the fact that the corroborating records were never produced. Defendant asserts that this statement was improper.[4]

case, "The law does not require a defendant to ... produce any evidence at all...." adequately imports that a defendant's testimony cannot be compelled.

2. The instruction in this case read:
"The indictment or formal charge against a Defendant is not evidence of guilt. Indeed, the Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove his innocence or produce any evidence at all, and no inference whatever may be drawn from the election of a Defendant not to testify."

I R. tab 33, instruction 3.

3. The defendant's requested instruction read: "You must not draw any inference of guilt from the fact that the defendant did not testify in this case, nor should this fact be discussed by you or enter into your deliberations in any way." I R. tab 35, instruction D.

4. The relevant portion of the prosecutor's argument was as follows:
"The other thing, I guess the government got a sale on where the original document is. The testimony of Mr. Rogers was that was in

In *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), the Supreme Court held that it is a violation of the Fifth and Fourteenth Amendments for a prosecutor to comment to the jury upon the defendant's decision not to testify. *Knowles v. United States*, 224 F.2d 168, 170 (10th Cir.1955), set forth the oft-quoted standard for determining whether a prosecutorial comment was improper in this regard: "[T]he test is whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." *See, e.g., United States v. Espinosa*, 771 F.2d 1382, 1402 (10th Cir.), *cert. denied*, 474 U.S. 1023, 106 S.Ct. 579, 88 L.Ed.2d 561 (1985). In the absence of prosecutorial attack on defendant's constitutional rights, we will not overturn his conviction based upon prosecutorial comment unless, viewing the record as a whole, the comment deprived the defendant of his Sixth Amendment right to a fair trial—*e.g.*, by influencing the jury to convict on grounds beyond the admissible evidence presented—keeping in mind that the prosecutor is allowed considerable latitude in responding to defense arguments, commenting on the evidence, and arguing inferences therefrom. *See United States v. Washita Constr. Co.*, 789 F.2d 809, 822–23 (10th Cir.1986); *Espinosa*, 771 F.2d at 1401–02; *United States v. Dickey*, 736 F.2d 571, 595–96 (10th Cir.1984), *cert. denied*, 469 U.S. 1188, 105 L.Ed.2d 957, 83 L.Ed.2d 964 (1985).

With these standards in mind, we believe the comments in this case were entirely proper. As long as evidence can be solicited other than from the mouth of the accused, it is proper to comment upon the failure of the defense to produce it. *See United States v. Mitchell*, 613 F.2d

779, 782 (10th Cir.) (failure to call witness having knowledge), *cert. denied*, 445 U.S. 919, 100 S.Ct. 1283, 63 L.Ed.2d 604 (1980); *see also United States v. Gotchis*, 803 F.2d 74, 79–81 (2d Cir.1986) (failure to produce evidence corroborating defense theory, including failure to call witnesses); *United States v. Perez*, 700 F.2d 1232, 1239–40 (8th Cir.1983) (failure to substantiate claimed impeachment of government witness); *United States v. Johnson*, 713 F.2d 633, 650–51 (11th Cir.1983) (failure to produce documentary evidence which would rebut inferences from government evidence), *cert. denied*, 465 U.S. 1081, 104 S.Ct. 1447, 79 L.Ed.2d 766 (1984); *United States v. Keller*, 512 F.2d 182, 186 (3d Cir.1975) (failure to call witness who could corroborate testimony of defense witness). The prosecutor was entitled to respond to the defense's attack on the credibility of the government witness with a counterattack on the credibility of the defense witness. *Cf. United States v. Young*, 470 U.S. 1, 11–14, 105 S.Ct. 1038, 1044–46, 84 L.Ed.2d 1 (1985) (discussing doctrine of "invited response"); *Mitchell*, 613 F.2d at 782 ("The argument of defense counsel invited the prosecutor's response."). Lack of corroboration is a permissible inference to argue. "Arguing inferences is standard business among lawyers, which *Griffin* does not forbid." *United States v. Sblendorio*, 830 F.2d 1382, 1391 (7th Cir.1987), *cert. denied*, 484 U.S. 1068, 108 S.Ct. 1034, 98 L.Ed.2d 998 (1988).

The prosecutor's argument did not shift the burden of proof to the defendant in light of the trial court's subsequent instructions to the jury that arguments of lawyers are not evidence, that the burden of proof is with the government, and that the defendant has no burden to prove innocence, to call witnesses, or to produce any evidence

---

the truck. But on the other end you ask Carlos, who comes in here, Mexican immigration official, and tells a story that I suggest to you might not exactly hold together....

And the documents exist, according to him. Now, they are not produced, mind you, we are assailed for producing the copy, but if you are asked to take Mr. Johnson's word and believe him completely—

MR. ELLINWOOD [defense counsel]: I have to object to that.

THE COURT: It is fair comment.

MR. WILLIAMS [prosecutor]: If you can get Mr. Johnson in here to testify, you can certainly get the records up here."

II R. 27.

at all. *See Dickey,* 736 F.2d at 596; *Mitchell,* 613 F.2d at 782; *United States v. Dyba,* 554 F.2d 417, 422 (10th Cir.), *cert. denied,* 434 U.S. 830, 98 S.Ct. 111, 54 L.Ed.2d 89 (1977). Defendant's argument that the comments at issue were improper because they were made during rebuttal summary at a time when defense counsel could no longer respond is without merit.

AFFIRMED.