**Charles H. BENSON, Defendant Below, Appellant,**

v.

**The STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: Oct. 13, 1993.
Decided: Feb. 2, 1994.

---

Kevin M. Howard of Prickett, Jones, Elliott, Kristol & Schnee, Dover, for appellant.

James V. Apostolico, Dept. of Justice, Dover, for appellee.

Before VEASEY, C.J., HORSEY, MOORE, WALSH, and HOLLAND, JJ., constituting the Court en Banc.

VEASEY, Chief Justice:

In this case, we address the issue of whether it is permissible for a prosecutor, in his rebuttal summation, to comment on the

lack of a defense expert witness when the defendant is an indigent. The Superior Court overruled an objection by defense counsel that the prosecution's comment violated the defendant's due process rights. We hold that it is permissible to comment on the lack of an expert witness where the defendant is indigent and has made no application for state funds to obtain an expert. In such a case, a defendant is precluded from asserting that the expert witness was unavailable for purposes of preventing comment by the prosecution on a missing witness. Accordingly, we **AFFIRM** the conviction of the defendant.

## I. FACTS

In the early morning hours of May 31, 1991, Jennifer Lynn Mayer awoke to find that the rear door of her trailer home was open and her video cassette recorder was missing. She immediately contacted the Dover police, who arrived shortly after 5 a.m. Thereafter, Ms. Mayer noticed that the rental car she had parked next to the trailer was missing. Upon arriving at the trailer, Patrolman Hanson ("Hanson") questioned Ms. Mayer while Patrolman Hester ("Hester") went outside to examine the perimeter of the trailer.

Hester observed the defendant, Charles H. Benson ("Benson"), riding a bicycle along a hedgerow in a field near the trailer. When confronted by Hester, Benson stated that he was riding to a nearby construction company to look for work. He also told Hester that he was hoping to see a friend who lived in the trailer park. At that point, Hester instructed Benson to lie face down on the ground and handcuffed him. Shortly thereafter, Hester discovered the rental vehicle in a nearby parking lot.

Officer Pallam ("Pallam") of the Dover Police Department examined the trailer in search of fingerprints. He found several latent prints and a partial palm print on the doorjamb of the trailer. Pallam took these prints, along with a known print of Benson, to Ron Hagman ("Hagman") of the State Bureau of Investigation. Hagman was able to make a positive match between the palm print obtained from the trailer and Benson's palm print provided to him by Pallam.

## II. PROCEEDINGS IN THE SUPERIOR COURT

Benson was tried in a two-day jury trial in the Superior Court. At trial Hagman was qualified as an expert, and testified that a positive match was made of Benson's palm print. Hagman was subjected to extensive cross-examination. The defense did not present an opposing expert on the issue of fingerprint identification. The defense did not request indigent funding for retention of an expert as authorized by Superior Court Criminal Rule 44(e)(4). During the closing argument, Benson's counsel stated:

> You look at those fingerprint cards, those lift cards.... It is not an exact science. It requires subjective analysis. It requires expertise.... I want you to look at all the lift cards, but he also told you the other cards, the other prints were not usable. Ladies and gentlemen, if the palm print was usable, the other cards were usable. You look at them. They are clear as a bell.

In response, the prosecutor told the jury in his closing summary:

> Do you think that he did a shoddy job and is making it up? Do you think he is just telling the police what they want to hear? ... Ladies and gentlemen, I submit to you two things: that [defense counsel] says that, he is the one offering the testimony, where is the defendant's expert? ... Ladies and gentlemen, if they think that Mr. Hagman doesn't know what he is talking about and he is not an expert and he is wrong, where is the expert for the defense? Where is the expert to come in here and tell you that State's No. 4, the one print card that was identified by Mr. Hagman as belonging to Mr. Benson, is not his?

Defense counsel objected to the prosecutor's comment on the absence of a defense fingerprint expert witness. A sidebar was held, at which defense counsel complained that the comment violated the defendant's due process rights. The trial judge overruled the objection. The Superior Court al-

lowed the comments based on the fact that the defendant had not made an application for funds to obtain an expert and the fact that the expertise of the State's expert was put in issue by the defense.

Benson was subsequently found guilty of Burglary Second Degree. He was found not guilty of Theft Under $500, and the jury disagreed and failed to reach a verdict on a count of Theft Over $500, prompting the Superior Court to declare a mistrial as to that count. Benson appeals his conviction of Burglary Second Degree.

## III. DUE PROCESS ANALYSIS

■ Benson contends that the trial court erred by permitting the prosecutor to comment during his rebuttal summation on the absence of a defense expert witness on the issue of fingerprint analysis. Benson claims that these comments shifted the burden of proof from the State to the defendant in violation of his due process rights under the Fourteenth Amendment of the United States Constitution. The standard and scope of review for this question of law is whether the Superior Court erred in formulating or applying legal precepts. *Downs v. State,* Del. Supr., 570 A.2d 1142, 1144 (1990).

■ The general rule in Delaware is that "[t]he law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence." *Boyer v. State,* Del.Supr., 436 A.2d 1118, 1125 (1981). This right is protected by the Due Process Clause of the Fourteenth Amendment of the United States Constitution and serves as a prohibition to certain prosecutorial conduct in a criminal case. *See also* Del. Const. art. I, § 7.

■ It is clear that the State may not invite an inference of a defendant's guilt merely from his own failure to testify. *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); *State v. Winsett,* Del.Super., 205 A.2d 510 (1964). Such an inference is a violation of a defendant's Fifth Amendment right of freedom from self-incrimination, and is forbidden. Nevertheless, "unless the prosecutor's comment uses the defendant's privilege as evidence against

him, it is not objectionable." *U.S. v. Sblendorio,* 7th Cir., 830 F.2d 1382, 1391 (1987), *cert. denied,* 484 U.S. 1068, 108 S.Ct. 1034, 98 L.Ed.2d 998 (1988).

■ Benson did not possess the expertise necessary to testify on the issue of fingerprint analysis, or to rebut the testimony of the State's expert. His privilege not to testify was not infringed upon by the prosecution's comment on the failure of the defense to call an expert witness. Therefore, the prosecutor's comments did not implicate Benson's Fifth Amendment right not to testify.

■ Benson contends that the prosecutor's comment on the absence of a defense expert witness impermissibly shifted the burden of proof from the State to the defense. The weight of authority on this issue supports the State's right to comment on the absence of an *available* witness without shifting the burden of proof. In *U.S. v. Gomez–Olivas,* 10th Cir., 897 F.2d 500 (1990), the court stated, "As long as evidence can be solicited other than from the mouth of the accused, it is proper to comment upon the failure of the defense to produce it." *Id.* at 503 (citing *U.S. v. Mitchell,* 10th Cir., 613 F.2d 779, 782 (1980), *cert. denied,* 445 U.S. 919, 100 S.Ct. 1283, 63 L.Ed.2d 604 (1980)). In addition, in *U.S. v. Keller,* 3d Cir., 512 F.2d 182 (1975), the court stated that "[i]t is perfectly proper to comment on the failure of the defense to call a potentially helpful witness, at least where … the comment could not be construed as a comment on the failure of the *defendant* to testify." *Id.* at 186 (emphasis in original). Using similar reasoning, the Seventh Circuit, in *Sblendorio,* held that "[u]nless the prosecutor indirectly invites an inference based on the defendant's own silence, he may pursue evidentiary inferences for what they are worth." 830 F.2d at 1393 (citation omitted). *See also U.S. v. Mitchell,* 613 F.2d 779 (failure of a party to call an available fact witness is proper subject for prosecutorial comment); *U.S. v. Gotchis,* 2d Cir., 803 F.2d 74, 80–81 (1986) (comment on the absence of an available fact witness is proper to infer the improbability of the defendant's theory of the case); *U.S. v. Perez,* 8th Cir., 700 F.2d 1232, 1239–40 (1983) (com-

ment on defendant's failure to call any corroborating fact witnesses proper on impeachment matters); *U.S. v. Johnson*, 11th Cir., 713 F.2d 633, 650–51 (1983) (comment on failure of defense, as opposed to defendant, to explain testimony presented or evidence introduced is not an infringement of defendant's Fifth Amendment privilege), *cert. denied*, 465 U.S. 1081, 104 S.Ct. 1447, 79 L.Ed.2d 766 (1984); *People v. Reno*, 32 Ill. App.3d 754, 336 N.E.2d 36, 38–39 (1975) (comment on failure of defendant to call expert witness proper to point out the uncontradicted nature of State's case). The fundamental rationale of these cases is that the inferences drawn from prosecutorial comment on the absence of an *available* fact witness do not shift the burden of proof, but merely contrast the weight of the State's evidence to the evidence adduced by the defendant.

This Court has held that it is proper for the State to comment on a defendant's failure to call an *available* alibi witness when the defense makes no explanation for the available witness's absence. *Boyer v. State*, Del. Supr. 436 A.2d 1118 (1981); *Miller v. State*, Del.Supr., 224 A.2d 592 (1966); *DeShields v. State*, Del.Supr., 534 A.2d 630 (1987), *cert. denied*, 486 U.S. 1017, 108 S.Ct. 1754, 100 L.Ed.2d 217 (1988). These cases all involved fact witnesses who were presumptively available to the defense. The question posed in this case is whether an expert witness was presumptively available to the defense.

█ Benson contends that the prosecutor's comments took unfair advantage of his indigency because he was unable to afford to hire an expert, and, therefore, an expert witness was unavailable to him. Benson's attorney never applied for funds to obtain a fingerprint expert to testify on his behalf. Superior Court Criminal Rule 44(e)(4) authorizes such an application. Defense counsel claims that, because he was denied funds for trial transcripts, an application to obtain funds for an expert witness would have been futile. Absent any definitive proof that such an application was made and denied, however, we cannot conclude that the expert was unavailable to Benson. Therefore, the prosecutor's comment on the failure of Benson to call an expert witness did not take unfair advantage of his indigency.

Benson contends that the absence of an expert witness is not comparable to the absence of other types of fact witnesses. He claims that the failure to call an expert witness may be motivated by circumstances unrelated to guilt. Benson attempts to distinguish the Seventh Circuit's decision in *Sblendorio* on the basis that the fact witnesses were arguably within the control of the defendant in that case, while here, Benson was unable to obtain an expert witness. He points to the high cost of obtaining an expert as a reason for the unavailability of an expert. It is true that cost may be a legitimate reason for not obtaining an expert witness. Nevertheless, the defense's failure to make an application for state funds for an expert precludes this argument.

█ We express no opinion as to whether a non-indigent defendant can assert that the cost of an expert witness makes that witness unavailable for purposes of preventing prosecutorial comment on the absence of the witness. This case, however, involves an indigent defendant. When an indigent defendant fails to make an application for state funds for an expert, regardless of the perceived likelihood of approval of the application, the defendant is barred from asserting that an expert witness is unavailable for purposes of preventing prosecutorial comment on the defense's failure to call an expert witness. Benson's failure to apply for funds to obtain an expert precludes him from claiming that an expert was unavailable to testify. Therefore, because the witness was potentially available to Benson, the prosecutor's comment did not shift the burden of proof to the defendant, and was permissible under the circumstances. *See Keller*, 512 F.2d at 186; *Sblendorio*, 830 F.2d at 1392.

Benson's conviction is therefore **AFFIRMED**.