66 F.3d 339
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Wentworth Matthew HOUGHTON, Defendant-Appellant.
 No. 94-4022.
(D.C.No. 93-CR-38G)
 United States Court of Appeals, Tenth Circuit.
 Sept. 11, 1995.
 
 Before ANDERSON, McKAY, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Wentworth Matthew Houghton appeals his conviction on one count of wire fraud in violation of 18 U.S.C. 1343. Mr. Houghton contends that the district court erred by denying his motion for a mistrial due to prosecutorial misconduct. We affirm.
 
 BACKGROUND
 
 3
 Houghton was a salesman for Timberline Distributors, Inc., a telemarketing company located in Murray, Utah. Following an undercover operation, the government obtained an indictment against Timberline principals and employees. Houghton was charged with one count of conspiracy under 18 U.S.C. 371; eight counts of wire fraud under 18 U.S.C. 1343, and two counts of mail fraud under 18 U.S.C. 1341. At trial, two defendants, Chris Hager and Darell Davenport, testified. All others, including Houghton, did not.
 
 
 4
 The government's direct evidence against Mr. Houghton consisted of taped recordings of conversations between Houghton and FBI undercover agents. R. Vol. II at 108, 110; R. Vol. IV at 101-02; Pl.'s Excerpt Trans. Vol. I, Trans. 10E at 117-42; Vol. II, Trans. 17. Additionally, two customers testified regarding their individual transactions which were covered in two separate counts of wire fraud and two counts of mail fraud.
 
 
 5
 Deborah Curtis testified that she had received a telephone call from Houghton, and that he told her that she was guaranteed to win one of five listed prizes if she purchased a Timberline product for $599. Believing that the prizes were listed in order of value so that the minimum prize was worth $2,500, she agreed. R. Vol. III at 153-56. Mr. Alexis Peralta also testified that Houghton represented to him that he was guaranteed to win one of five prizes worth at least $2,500 if he purchased a product for $459. After speaking to Houghton's supervisor in order to satisfy himself that the offer was legitimate, Mr. Peralta also made the required purchase. R. Vol. IV at 81-88.
 
 
 6
 In each situation, the purchased product was worth between $33 and $54, and the only available prize was a pendant worth $30 or $40. Pl.'s Excerpt Trans. Vol. I, Trans. 3E at 64-67, Trans. 10E at 41, Trans. 11E at 5.
 
 
 7
 During closing argument, the prosecutor made the following comments:
 
 
 8
 You have a right to expect to hear from these people about why it was okay in their mind to make those lies. You've already heard one of them from Mr. Hager and Mr. Davenport.
 
 
 9
 * * *
 
 
 10
 You have the right to expect to hear why it was okay to lie to those people day in and day out; and if that's the defense you hear, you'll have to ask yourself a question, is it okay to lie to people now with the prospect that somebody is going to get something down the road so we're told.
 
 
 11
 R. Vol. VIII at 39-40.
 
 
 12
 None of the defense counsel objected at the time the remarks were made. During a later recess after the government concluded its closing arguments, all defense counsel objected to the prosecutor's remarks as an improper comment on defendants' failure to testify, in violation of the Fifth Amendment guarantee against self incrimination. Counsel also moved for a mistrial, but did not request a curative instruction. At that point the government did not argue that the objection was untimely. The court took the objection under advisement for a later hearing, and the defense counsel completed their closing arguments.
 
 
 13
 The jury convicted Mr. Houghton on the single count of wire fraud covered by the phone call to Ms. Curtis, and acquitted him on all other counts.
 
 DISCUSSION
 
 14
 Allegations of prosecutorial misconduct in violation of the Fifth Amendment present a mixed question of law of fact which we review de novo. Fero v. Kerby, 39 F.3d 1462, 1473 (10th Cir.1994), cert. denied, 115 S.Ct. 2278 (1995). Prosecutorial remarks are impermissible if they are manifestly intended or if they are such that the jury would naturally and necessarily understand them to be a comment on the defendant's right to remain silent. United States v. Gomez-Olivas, 897 F.2d 500, 503 (10th Cir.1990).
 
 
 15
 The government contends that the comments were intended to be directed to defense counsel's closing arguments, and not to any individual defendants.[2] Nonetheless, even if the prosecutor did not manifestly intend the comments to reflect upon any defendant's failure to testify, we agree with the district court's conclusion that the jury would have naturally and necessarily understood them as such.
 
 
 16
 However, even such constitutional error does not necessarily require reversal, if upon a de novo review of the record, we conclude it was harmless beyond a reasonable doubt. United States v. Perdue, 8 F.3d 1455, 1469 (10th Cir.1993) (citing Arizona v. Fulminante, 499 U.S. 279, 295-96, 306-07 (1991) and Chapman v. California, 386 U.S. 18, 24 (1967)). To find that an error was harmless beyond a reasonable doubt is to find that the error did not contribute to the verdict, that it was unimportant in relation to everything else the jury considered as revealed in the record. Id. (citing Yates v. Evatt, 500 U.S. 391, 403-04 (1991)).
 
 
 17
 Reviewing the entire record, we conclude that the error was harmless beyond a reasonable doubt. The fact that the jury acquitted Houghton on eleven counts, and the fact one of the defendants who did testify and two who did not were acquitted on all counts reinforces this conclusion. Logically, such a partial acquittal indicates "that the prosecutor's remarks did not undermine the jury's ability to view the evidence independently and fairly.' " United States v. Swafford, 766 F.2d 426, 429 (10th Cir.1985) (quoting United States v. Young, 470 U.S. 1, 18 n. 15 (1985)).
 
 
 18
 Furthermore, although Houghton failed to request a cautionary instruction, the court's general instructions on the issue adequately cured the error. See Greer v. Miller, 483 U.S. 756, 764 n. 5 (1987); see also Fero, 39 F.3d at 1474; Gomez-Olivas, 897 F.2d at 503-04.
 
 
 19
 In this case, the court's general charge to the jury included instructions that the jury was not to draw any inferences from any defendant's failure to testify, that defendants had no duty or burden to call witnesses, that it was the government's burden to prove its case beyond a reasonable doubt, and that arguments of counsel were not evidence. We presume that juries follow their instructions. United States v. Coleman, 7 F.3d 1500, 1506 (10th Cir.1993).
 
 
 20
 Accordingly, for the reasons stated, we conclude that the prosecutor's isolated improper remarks did not contribute to the jury's verdict, and we therefore find the error was harmless.
 
 
 21
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Additionally, as it did in the hearing below, the government argues that the defense objection was untimely in any event. While a defendant's failure to make a contemporaneous objection ordinarily precludes appellate review except for plain error, in this case the district court had expressly asked counsel to hold objections until recesses. R. Vol. X at 11-12, 26-28, 38-39, 52. In apparent accordance with its established protocol, the district court rejected the government's claim of untimeliness and placed the burden upon the government to show that the error was not prejudicial. R. Vol. X at 64-65; see United States v. Olano, 113 S.Ct. 1770, 1778 (1993) (distinguishing harmless error from plain error analysis on the basis of which party bears the burden of persuasion on the issue of prejudice). Since the trial court's conduct of the trial proceedings was clearly within its discretion, Marsee v. United States Tobacco Co., 866 F.2d 319 (10th Cir.1989), we will not disturb its treatment of the objection as timely