UNITED STATES COURT OF APPEALS

**Filed 1/24/97**

FOR THE TENTH CIRCUIT

IN RE: MARSHA MCQUARRIE
LANG,

Debtor.

ROBERT F. LANG, M.D.,

Appellant,

v.

MARSHA MCQUARRIE LANG,

Appellee.

No. 95-4198
(D.C. No. 95-CV-370)
(D. Utah)

ORDER AND JUDGMENT[*]

Before PORFILIO, BALDOCK, and HENRY, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

This case arises from an adversary proceeding brought in defendant Marsha Lang's bankruptcy. Plaintiff Robert Lang and defendant were divorced in 1980, after eleven years of marriage. During their marriage, defendant gave birth to two children. The divorce decree ordered plaintiff to pay child support, which he did for many years. In December of 1991, defendant revealed to plaintiff that the children were not his, but were fathered by a man with whom defendant had an ongoing extramarital affair. Plaintiff brought an action in state court against defendant for injuries alleged as a result of defendant's conduct. Defendant filed for bankruptcy, seeking discharge of debts, including any judgment which might be entered against her in the action brought by plaintiff. Plaintiff then filed an adversary proceeding in the bankruptcy action, seeking judgment on his claims of fraud and intentional and malicious infliction of emotional distress, as well as a determination of nondischargeability on those claims. Partial summary judgment was entered for plaintiff, to the effect that he is not the biological father of the two children born during his marriage.

The bankruptcy court conducted a bench trial and, acting as fact finder, found that defendant deceived plaintiff regarding the paternity of the children and that plaintiff relied on the false representations to the extent he cared for and supported the children. The court went on to find that the specific purpose of defendant's actions was not to harm plaintiff, and that plaintiff suffered no damage or detriment and there was, therefore, no action in fraud. Reiterating its finding that defendant did not intend to harm plaintiff, the court found no malicious or intentional infliction of emotional distress. Because the court found for defendant on plaintiff's claims, it also found that there was no cause of action under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6) for nondischargeability.

The district court affirmed the bankruptcy court's decision, reviewing the legal questions de novo and the factual findings for clear error. We also review the bankruptcy court's factual findings for clear error and its legal determinations de novo, see Phillips v. White (In re White), 25 F.3d 931, 933 (10th Cir. 1994), and we affirm in part and reverse and remand in part.[1]

The bankruptcy court, sitting as fact finder, specifically found that defendant had no intent to harm plaintiff, but that her actions were, instead, "to satisfy her own foolish emotional desires." Appellant's App. at 320. The

_____

[1]      Defendant has not filed a brief in this appeal.

bankruptcy court heard and observed all the testimony, and, like the district court, we cannot say it clearly erred in this finding. Specific intent is a necessary element of intentional infliction of emotional distress. See Jackson v. Brown, 904 P.2d 685, 687 (Utah 1995). We, therefore, affirm the bankruptcy court's finding that plaintiff has no cause of action for intentional or malicious infliction of emotional distress and, therefore, no action under 11 U.S.C. § 523(a)(6).[2]

We are troubled, however, with both the district and bankruptcy courts' treatment of the fraud claim. First, the bankruptcy court's oral ruling is less than clear as to which element of fraud it found lacking. The court found that defendant deceived plaintiff by representing to him that he was the father of the children and that defendant relied on her representation. The court then found that defendant's misrepresentation was not for the purpose of harming plaintiff and that plaintiff suffered no damage or detriment because of the misrepresentation. The district court relied on the bankruptcy court's finding of no specific intent to harm in affirming the finding of lack of fraud. Reliance on this finding in the fraud context is error. Intent to harm is not an element of fraud. See Masters v. Worsley, 777 P.2d 499, 501-02 (Utah Ct. App. 1989) (holding that necessary elements of fraud are a false representation concerning a

---

[2]      Although it affirmed the bankruptcy court decision, the district court did not specifically address the intentional infliction of emotional distress claim or the bankruptcy court findings relating thereto.

-4-

presently existing material fact, which the representor either knew to be false or made recklessly without sufficient knowledge, or omission of a material fact when there was a duty to disclose, for the purpose of inducing action, with actual, justifiable reliance, resulting in damage).

The bankruptcy court also found that plaintiff suffered no damage or detriment as a result of his reliance on defendant's misrepresentation. In making this finding, the court focused on plaintiff's testimony that he has always loved and supported the children and that he will continue to do so. The court spoke of the positive qualities of the son and of the fact that plaintiff's life has been enriched by the birth of the children. The bankruptcy court stated:

> I believe the claim for monetary damages is inconsistent with [channeling energy toward the children instead of attempting to punish defendant]. Bob claims to be damaged in the dollar amount of all support heretofore given and to be given in the future for both children, together with interest on the money he spent. If I am to believe that Bob truly loves and cares for these children, this is a shameful request. I find that Bob has suffered no monetary damage as a result of the fraud and deceit of Marsha.

Appellant's App. at 321. The district court reiterated the bankruptcy court's findings regarding the relationship between plaintiff and the children in its affirmance of the finding of lack of injury.

To focus on the dynamics of the relationship between plaintiff and the children in the context of damages confuses the issue. Whether or not plaintiff was damaged by his reliance on the false representation made by defendant has

-5-

nothing whatsoever to do with his relationship with the children. His contention is that, as a result of his reliance on defendant's false representation regarding the paternity of the children, he has been obligated to pay large sums of money for support that he would not have otherwise had to pay, had he known he was not the children's biological father. The fact that plaintiff loves the children and that his life may have been enriched by their birth does not vitiate the monetary detriment he has incurred as a result of defendant's false representation. The bankruptcy court's finding that plaintiff suffered no damage or detriment as a result of his reliance on defendant's false representation because he has good children with whom he has a close relationship and who have enriched his life is clearly erroneous.

The bankruptcy court made no mention in its disposition of <u>Masters v. Worsley</u>, 777 P.2d 499 (Utah Ct. App. 1989), a Utah case which appears particularly relevant. However, the district court referred to <u>Masters</u> and holds that <u>Masters</u> did not control this case because the bankruptcy court did not find that defendant made a false representation during the divorce proceedings. It went on to hold that testimony of plaintiff's divorce counsel as to a statement made by defendant in a divorce deposition that she had never engaged in any extramarital affairs was inadmissible. The bankruptcy court made no mention of

the divorce counsel's testimony, and we have no way of knowing whether the court considered the evidence in its ruling or not.

The district court's holding regarding the admissibility of the divorce counsel's testimony of his recollection of the deposition is in error. The district court held that the testimony was inadmissible hearsay and in violation of Fed. R. Evid. 1002, the best evidence rule, because neither the written transcript of the deposition nor the divorce counsel's notes were produced. The testimony of what defendant allegedly said during her deposition is not hearsay because it is an admission by a party-opponent. See Fed. R. Evid. 801(d)(2). Further, the testimony does not run afoul of Rule 1002 because it was not offered to prove the contents of a writing. See Fed. R. Evid. 1002 advisory committee notes ("Thus an event may be proved by nondocumentary evidence, even though a written record of it was made.").[3]

The fraud claim must go back to the bankruptcy court so that it can reconsider the evidence in light of the elements of fraud. In addition, the court should consider the testimony of plaintiff's divorce counsel regarding defendant's false representation in her deposition taken in the divorce proceeding in its

---

[3]     We also note that defendant did not object to the testimony at trial, thus depriving the bankruptcy court of the opportunity to rule on its admissibility. See United States v. Mitchell, 613 F.2d 779, 782 (10th Cir. 1980).

evaluation of the fraud claim. Finally, the bankruptcy court should consider the applicability of <u>Masters</u>, 777 P.2d 499.

In sum, we AFFIRM the district court judgment to the extent it affirms the bankruptcy court's finding that plaintiff has no action for intentional or malicious infliction of emotional distress. We REVERSE the district court's holding as to the admissibility of the divorce counsel's testimony, as well as its affirmance of the bankruptcy court's finding that plaintiff has no action for fraud. We REMAND to the district court with instructions that it remand to the bankruptcy court for consideration of the applicability of <u>Masters</u>, 777 P.2d 499, and for further consideration in light of our reversal of the district court's holding as to the admissibility of the divorce counsel's testimony.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-8-