**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Bates Baird WITT, Defendant-Appellant.**

**No. 80–1489.**

United States Court of Appeals, Ninth Circuit.

Submitted May 6, 1981.

Decided June 2, 1981.

William Choquette, Anchorage, Alaska, for defendant-appellant.

James L. Swartz, Asst. U. S. Atty., Anchorage, Alaska, for plaintiff-appellee.

Before WRIGHT and ANDERSON, Circuit Judges, and THOMPSON,* Senior District Judge.

EUGENE A. WRIGHT, Circuit Judge:

Witt contends that his conviction for knowingly making a false statement to a federally insured credit union should be reversed because (1) the district court failed to define "reasonable doubt" and the "presumption of innocence" in its jury instructions, and (2) the evidence was insufficient to convict. We affirm.

He made two loans from the Alaska Federal Credit Union in 1977 and 1978. He represented that he owned two computers and pledged them as security.

He was charged with two counts of making false statements to a federally insured credit union, in violation of 18 U.S.C. § 1014. The indictment alleged that he did not own the two computers given as security. The jury convicted Witt of the second count, which related to the 1978 loan.

## JURY INSTRUCTIONS

It is contended that the district court erred in refusing to adopt the defendant's proposed instruction concerning reasonable doubt and the presumption of innocence. In the alternative, Witt argues that the instruction given on these principles constituted reversible error.

The court gave the following:

---

* Of the District of Nevada.

The law does not require a defendant to prove his innocence. He is presumed by law to be innocent. This means the government must prove all of its case against the defendant.

The government must prove the defendant guilty beyond a reasonable doubt.

The court did not attempt to define reasonable doubt or to describe the presumption of innocence.[1]

■ The reasonable doubt instruction "is a prime instrument for reducing the risk of convictions resting on factual error." *In re Winship*, 397 U.S. 358, 363, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970). Nonetheless, a district court is not obligated to use the specific instruction on reasonable doubt suggested by a defendant if the instruction given by the court is adequate. *See United States v. Robinson*, 546 F.2d 309, 314 (9th Cir. 1976), *cert. denied*, 430 U.S. 918, 97 S.Ct. 1333, 51 L.Ed.2d 596 (1977).

This court has not decided whether upon request a trial court must define reasonable doubt in its jury instructions.[2] There is a split of authority among other circuits. *Compare United States v. Lawson*, 507 F.2d

433, 439–44 (7th Cir. 1974), *cert. denied*, 420 U.S. 1004, 95 S.Ct. 1446, 43 L.Ed.2d 762 (1975),[3] *with Blatt v. United States*, 60 F.2d 481 (3d Cir. 1932); *Nanfito v. United States*, 20 F.2d 376, 378 (8th Cir. 1927); *Schencks v. United States*, 2 F.2d 185, 187 (D.C.Cir. 1923).

■ We hold that in this case the district court was not required to define reasonable doubt. Courts have recognized in recent years that the legal concept of the term is one of common usage and acceptance. *See United States v. Lawson*, 507 F.2d at 443; *United States v. Pepe*, 501 F.2d 1142 (10th Cir. 1974). Significantly, the Supreme Court has stated that "attempts to define the term reasonable doubt do not usually result in making it any clearer to the minds of the jury." *Holland v. United States*, 348 U.S. 121, 140, 75 S.Ct. 127, 137, 99 L.Ed. 150 (1954) (quoting *Miles v. United States*, 103 U.S. 304, 312, 26 L.Ed. 481 (1880)).

■ Moreover, "an omission or an incomplete instruction is less likely to be prejudicial than a misstatement of the law." *Henderson v. Kibbe*, 431 U.S. 145, 155, 97 S.Ct. 1730, 1737, 52 L.Ed.2d 203 (1977). Although

1. In addition to the instruction quoted above, the district court twice instructed the jury that the government's burden was to prove guilt beyond a reasonable doubt. Instruction No. 3 read:

An indictment is but a formal method of accusing a defendant of a crime. It is not evidence of any kind against the accused and does not create any presumption or permit any inference of guilt.

To the charge in the indictment the defendant has pleaded not guilty, putting upon the United States the burden of proving defendant's guilt of the crime charged in the indictment beyond a reasonable doubt.

Instruction No. 6 was:

There are two essential elements which must be proved beyond a reasonable doubt in order to establish the offense proscribed in the indictment:

First: That the defendant knowingly made a false statement or report concerning a material fact to the Alaska USA Federal Credit Union, as charged;

Second: That the defendant made the false statement or report willfully and with intent to influence the action of the Alaska USA

Federal Credit Union upon an application, advance, commitment or loan, or any change or extension thereof.

The jury was clearly advised of the government's burden to prove guilt beyond a reasonable doubt.

2. In *United States v. Robinson*, 546 F.2d 309, 313 (9th Cir. 1976), we reviewed a jury instruction defining reasonable doubt and the presumption of innocence. In finding no reversible error, we stated in dictum that an instruction defining the terms must convey their meaning accurately. We did not consider whether it would be error not to define them at all.

3. Witt contends that *United States v. Lawson* is distinguishable because the trial court in that case reminded the jury of the reasonable doubt standard in numerous instructions. The argument is unpersuasive. Witt's contention is not that the jury was unaware of the government's burden to prove guilt "beyond a reasonable doubt," but rather that the jury may have misunderstood the meaning of that standard of proof. See Note 1, above.

a proper definition is always appropriate,[4] the decision whether to define reasonable doubt should be left to the court's discretion. There was no abuse of that discretion here.

There is less room for dispute concerning the adequacy of the presumption of innocence instruction. Although in some cases a jury should be made aware of the presumption, *Taylor v. Kentucky*, 436 U.S. 478, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978), an instruction on it is not required in all cases. *Kentucky v. Whorton*, 441 U.S. 786, 788, 99 S.Ct. 2088, 2089, 60 L.Ed.2d 640 (1979) (per curiam). We hold that the district court adequately instructed the jury concerning that subject under the circumstances of this case.

## SUFFICIENCY OF THE EVIDENCE

A conviction is supported by sufficient evidence where the record could reasonably support a finding of guilt beyond a reasonable doubt, *Jackson v. Virginia*, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979), or where a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Id.* at 319, 99 S.Ct. at 2789. The evidence should be considered in the light most favorable to the prosecution. *Id.* "All reasonable inferences supporting the conviction must be drawn, including decisions regarding the credibility of witnesses." *United States v. Beecroft*, 608 F.2d 753, 756 (9th Cir. 1979).

Witt contends that the evidence that he did not own the two computers he pledged was insufficient to support the conviction. We disagree. The president of the firm from which Witt claims he bought them testified that Witt bought none from his company. He said also that the serial numbers Witt gave to the credit union in his loan application were not of the type used by the company.

Witt next contends that, even if he did not own the computers, the evidence does not support the conclusion that he knew that he did not own them. His nephew testified that Witt sent $10,000 to Witt's business partner to make a down payment on the purchase of two computers. The testimony contradicted, however, a statement the nephew had previously made to an FBI agent.

FBI agent Darst testified that he had interviewed Witt who was unable to present a receipt or other proof that he had sent any of the proceeds of the first loan to his partners to purchase computers, or that the partnership had purchased any. Witt told Darst that only one computer purchased by the partnership was a Dycon and that the other was made by another company.

The jury reasonably could have concluded, in light of Darst's testimony and the fictitious serial numbers, that Witt knew he did not own the pledged items when he sought the second loan in 1978. The evidence of his knowledge was sufficient to support a finding of guilt beyond a reasonable doubt.

AFFIRMED. The mandate will issue now.

J. BLAINE ANDERSON, Circuit Judge, concurring:

I concur in the result reached in Judge Wright's opinion largely because a review of the record affirmatively indicates that defendant had a fair trial and was represented by able counsel. I would not adopt a *per se* rule requiring reversal simply because of the failure of a trial judge to define reasonable doubt in the precise manner suggested by appellant's counsel.

No assertion is made by appellant's counsel that he was in any way restricted or obstructed during his closing argument in arguing the reasonable doubt standard and an amplified definition to the jury. The record here does in fact reflect that counsel did fully and accurately expound on the subject in his closing argument. This is not to say that argument on a subject not forti-

---

4. See 1 Devitt and Blackmar, Federal Jury Practice and Instructions § 11.14 at 310 (3d ed. 1970) and 116 (1981 Supp.) (Fifth Circuit Pattern Instruction 3B).

fied by a proper instruction will cure error where a proper instruction is required, but was not given. *See United States v. Bernard,* 625 F.2d 854, 857 (9th Cir. 1980). It is, however, a proper factor to consider in this case where an essential instruction was given, but is asserted to be insufficiently elaborate.

Furthermore, by concurring, I do not approve of nor agree with the thought expressed by some judges and scholars that attempts to define reasonable doubt are generally fruitless. The phrase "proof beyond a reasonable doubt" is not a self-defining term. It is a nebulous and generalized concept. It is the core feature of every criminal trial. In my view, based upon my experiences, jurors do derive a benefit from a proper definition. It furnishes at least some standard against which they can measure the proof in a particular case. A proper definition furnishes the jury with a concept which they can relate to their own decision-making processes in their daily personal and business lives. It does not answer the question to assert that the "concept of the term is one of common usage and acceptance." That is an unsupported conclusion. The terms "beyond a reasonable doubt" and the "presumption of innocence" as such, may be in common usage by the populace of this nation, but there is no demonstrable or reliable evidence, to my knowledge, that a reasonably appropriate *definition* is in common usage or well understood by prospective citizen jurors. I strongly suspect that no lay juror, without the assistance of a defining instruction, could state the concept in such a fashion as to satisfy the prosecutor, defense counsel, nor the judges of this court. It is quite likely no two jurors would define it in the same way.

In short, jurors need all of the assistance we can provide to them to aid them in performing their vital and solemn tasks. In my view, it is better practice for trial judges to adhere to standard instructions which have been consistently approved by many courts (See, *e. g.,* Annotations, 1 Devitt and Blackmar, Federal Jury Practice and Instructions § 11.14 (3d ed. 1977)) than

it is to yield to entreaties to short-cut or streamline in such an important area of trial conduct. I use the "better practice" language with all due respect for the views of Judge Wallace expressed in his concurring statement in *United States v. Bernard, supra,* at 861.

In my view, the trial judge should have given the more elaborate standard and approved reasonable doubt instruction. To have done so would have expended only 30 seconds more time and would have effectively eliminated a troubling issue on appeal. Nevertheless, based on this record, I am not convinced that reversible error occurred.