district court erred in finding that exigent circumstances existed at the time Goode entered appellant's home. We review de novo the district court's determination that exigent circumstances existed. *McConney,* 728 F.2d at 1205.

 In response to a radio dispatch, Officer Goode arrived at appellant's residence to find the decedent lying shot on the front porch. He was confronted with a situation in which he reasonably and in good faith concluded that a substantial risk of harm to himself and others existed that justified an immediate search for the weapon prior to the obtaining of a warrant. He immediately sought and obtained the weapon in order to render the premises secure for the family, medical technicians and others. On this record we hold that exigent circumstances existed. *See Salvador,* 740 F.2d at 758 (Exigent circumstances include "those in which a substantial risk of harm to the persons involved ... would arise if the police were to delay a search until a warrant could be obtained." (quoting *United States v. Robertson,* 606 F.2d 853, 859 (9th Cir.1979)).

AFFIRMED.

ORDER

The opinion filed April 9, 1985, 757 F.2d 1006, is modified as follows:

The first three sentences of the paragraph at the bottom of the first column, page 1009 are deleted and replaced with the following:

We do not find *United States v. Witt,* 648 F.2d 608 (9th Cir.1981), to the contrary. *Witt* found that the trial judge's failure to provide a definition of reasonable doubt was not reversible error. It also noted that " 'an omission or an incomplete instruction is less likely to be prejudicial than a misstatement of the law.' " *Witt,* 648 F.2d at 610 (quoting *Henderson v. Kibbe,* 431 U.S. 145, 155, 97 S.Ct. 1730, 1737, 52 L.Ed.2d 203 (1977)). *Wosepka* involves an instruction which did not fairly or accurately convey the meaning of a reasonable doubt—an instruction *Witt* recognized as a potential ground for reversal. Furthermore, *Witt* does not authorize the elimination of explanatory reasonable-doubt instructions in all cases.

The remainder of the paragraph is not changed.

**UNITED STATES of America,**
**Plaintiff-Appellee**

v.

**Harold T. WOSEPKA,**
**Defendant-Appellant.**

**No. 83-3117.**

United States Court of Appeals,
Ninth Circuit.

July 9, 1985.

Before FARRIS, ALARCON and FERGUSON, Circuit Judges.

**Jose Rolando ESCOBAR**
**RUIZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 83-7502.**

United States Court of Appeals,
Ninth Circuit.

April 17, 1986.