**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Francisco NOLASCO,
Defendant–Appellant.**

**No. 88–1156.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 17, 1989 *.

Decided Aug. 1, 1989.

As Amended Oct. 23, 1989.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

David M. Ochoa, Phoenix, Ariz., for defendant-appellant.

Gary A. Husk, Asst. U.S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before TANG, NELSON and REINHARDT, Circuit Judges.

PER CURIAM:

Francisco Nolasco, an illegal alien, appeals from his conviction on 19 counts of harboring illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(C). Nolasco contends that the district court erred in denying his request that the jury be instructed on the meaning of the term reasonable doubt. This court was first presented with the issue of when the trial court must define reasonable doubt for the jury in *United States v. Witt*, 648 F.2d 608 (9th Cir.1981). We noted that there was a split of authority in the circuits as to whether a trial court must upon request give an instruction concerning the meaning of that term. *Id.* at 610. We then held that under the circumstances of the case then before us, the district court did not abuse its discretion in not giving an instruction. *Id.* at 610–11.

Subsequently, in *United States v. Wosepka*, 757 F.2d 1006 (9th Cir.), *modified*, 787 F.2d 1294 (1985), we explained our holding in *Witt*. We held that while the district court has the discretion to refuse to give an instruction defining reasonable doubt if "the issues to be resolved by the jury ... [are] fairly staightforward and the evidence [is] not complex," *id.* at 1009, the court may not refuse to do so if the case is one of any complexity.

Both parties have argued that the distinction between a "complex" case and a "straightforward" one is arbitrary and unworkable and have asked us to adopt a flat rule one way or the other regarding instructions defining reasonable doubt. The respective arguments of the parties contain no surprises. The government argues that the term "reasonable doubt" is self-explanatory and that no instruction regarding its meaning is needed in any case; conversely, the appellant argues that, because of the central role the concept of reasonable doubt plays in our criminal justice system, *Wosepka*, 757 F.2d at 1008, an explanation of the meaning of the term should be given whenever requested.

■ As a three-judge panel, we are, of course, without the power to reconsider the law of the circuit established in *Witt* and *Wosepka*. *Christoffel v. E.F. Hutton & Co.*, 588 F.2d 665, 667 (9th Cir.1978). We are not free to hold that the instruction in question must be given in all cases or need be given in none. Only an en banc court can make that judgment. However, we can note that explaining the meaning of the term reasonable doubt could be of considerable assistance to a jury and could well increase the chances that the verdict will be consistent with the mandates of the constitution. "The reasonable doubt instruction 'is a prime instrument for reducing the risk of convictions resting on factual error.'" *Witt*, 648 F.2d at 610 (quoting *In re Winship*, 397 U.S. 358, 363, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970)). Indeed, the *Manual of Model Jury Instructions for the Ninth Circuit* (1985) includes an instruction on the definition of "reasonable doubt" at section 3.04. Consistent use of that instruction as it may from time to time be amended, would, as a practical matter, avoid needless disagreements and appeals. Accordingly, we conclude that the better practice is for the district court to give a reasonable doubt instruction in all cases. Certainly, a district court would be well-advised to give such an instruction whenever either party requests it to do so.[1]

■ Notwithstanding the above, as we have already noted we are bound by *Witt* and *Wosepka*. Because we conclude that the issues and evidence in this case are simple and uncomplicated, we hold that the district court did not abuse its discretion in

---

1. We note that both parties in this case originally requested the instruction but that the government subsequently withdrew its request.

refusing to give the requested instruction. Thus, we must affirm the conviction.

Nolasco also contends that 18 U.S.C. § 3013 is unconstitutional and that the district court's assessment of a $50 fine against him on each count pursuant to that section was improper. We agree. We have recently held that 18 U.S.C. § 3013 was enacted in violation of the origination clause of the Constitution. *United States v. Munoz–Flores*, 863 F.2d 654, 661 (9th Cir.1988). Accordingly, we vacate that part of Nolasco's sentence.

AFFIRMED IN PART, VACATED IN PART.