947 F.2d 951
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Luis GARCIA, Defendant-Appellant.
 No. 90-50388.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1991.
Decided Nov. 6, 1991.
 
 Before SCHROEDER, LEAVY and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jose Luis Garcia appeals his conviction, following a jury trial, for conspiring to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. § 846, and for possessing heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Garcia contends that during trial the district court erred by: (1) questioning him in a manner suggesting his guilt; (2) issuing improper jury instructions on reasonable doubt; (3) improperly restricting the scope of his own direct examination; and (4) refusing to permit him to substitute new counsel. Garcia also contends that he was denied effective assistance of counsel.
 
 
 3
 Garcia argues that the district court abused its discretion when it cross-examined him in a manner suggesting his guilt. A verdict of guilty will be reversed because of judicial misconduct only if the trial court's inquiry rendered the trial unfair. Kennedy v. Los Angeles, 901 F.2d 702, 709 (9th Cir.1989). The following test, set forth in Kennedy, explains when reversal is warranted:
 
 
 4
 A trial court will be reversed for excessive judicial intervention only if the record "disclose[s] actual bias on the part of the trial judge [or] leave[s] the reviewing court with an abiding impression that the judge's remarks and questioning of witnesses projected to the jury an appearance of advocacy or partiality.
 
 
 5
 Id. (citing Shad v. Dean Witter Reynolds, Inc., 799 F.2d 525, 531 (9th Cir.1986) (quotations omitted)). In Kennedy, the district judge made "quite pointed and intemperate" remarks during the trial, yet this court, viewing the trial record as a whole, concluded that reversal was not warranted. The remarks included cynical and confrontational questions such as: "So you arrest people because fathers of victims tell you to do so, is that your position?" In contrast, the questions asked of Garcia sought information that clarified Garcia's participation in the conspiracy and his relationship to the other conspirators.
 
 
 6
 The appellant argues that the district court's summary of Garcia's reasons for going to Mexico ("to tell Mr. Alvarez that it would be between 17 and 24") suggested to the jury that he was suspicious of the explanation. Garcia's answers were evasive, vague and not credible. In attempting to understand Garcia's testimony, the judge repeated the testimony in the form of a question. This method for clarifying the testimony may have conveyed to the jurors that the judge was skeptical of Garcia's answers, but it did not leave the sort of abiding impression of advocacy or partiality that would justify a new trial. United States v. Laurins, 857 F.2d 529, 537-38 (9th Cir.1988), cert. denied, 492 U.S. 906, 109 S.Ct. 3215, 106 L.Ed.2d 565 (1989).
 
 
 7
 The district court in this case, like the court in Kennedy, also properly advised the jury on how remarks from the bench should be taken. The court gave the following instruction to the jury prior to trial:
 
 
 8
 During the course of the trial I may occasionally ask questions of a witness in order to bring out facts which may not be fully covered by the testimony. You are not to consider my questioning of a witness even if it may become lengthy as an indication of what I feel about the case in general or the testimony of that witness in particular.
 
 
 9
 At the close of trial the court gave another cautionary instruction. We have carefully reviewed the transcript of the district court's intervention. It comprises but three pages of more than 200 pages of trial transcript. There was no reversible error.
 
 
 10
 Garcia also challenges the jury instruction defining reasonable doubt. The final sentence of the instruction defines evidence beyond reasonable doubt as evidence upon which a reasonable person would be "willing to make the most important decisions in his or her life." This analogy, in a reasonable doubt instruction, is referred to as the "willing to act" formulation. The trial judge should not have phrased the instruction this way. In Holland v. United States, the United States Supreme Court rejected the "willing to act" language and cited with approval a definition that explained reasonable doubt as the "kind of doubt that would make a person hesitate to act." 348 U.S. 121, 140, 75 S.Ct. 127, 138, 99 L.Ed.2d 150 (1954) (citing Bishop v. United States, 71 App.D.C. 132, 107 F.2d 297, 303 (1939)). In spite of the errant language, the Court in Holland concluded that the instruction, taken as a whole, "correctly conveyed the concept of reasonable doubt to the jury." Id. at 138.
 
 
 11
 This court also has expressly rejected the "willing to act" language, and has adopted the "hesitate to act" formulation of the instruction. United States v. Robinson, 546 F.2d 309, 313-14 (9th Cir.1976), cert. denied, 430 U.S. 918, 97 S.Ct. 1333, 51 L.Ed.2d 597 (1977). In Robinson, the "willing to act" reference in the reasonable doubt jury instruction did not constitute reversible error, because the "concepts of presumed innocence, government's burden of proof, and nature of reasonable doubt were communicated correctly to the jury." 546 F.2d at 314. The district court in this case did instruct the jury on the presumption of innocence, the government's burden of proof and the meaning of reasonable doubt.
 
 
 12
 Garcia's reliance on United States v. Wosepka, 757 F.2d 1006, 1008-09 (9th Cir.), modified, 787 F.2d 1294 (1985), and United States v. Nolasco, 881 F.2d 678, 679 (9th Cir.1989), is misplaced. This court's decision in United States v. Nolasco, 926 F.2d 867, 872 (9th Cir.1991) (en banc), overruled Wosepka and committed to the trial court's sound discretion whether or not the jury should be given an instruction defining reasonable doubt. Under Nolasco, whether the district court has abused its discretion depends upon whether the jury instructions "considered as a whole ... are misleading or inadequate." Id. at 872 (citing United States v. Spillone, 879 F.2d 514, 525 (9th Cir.1989), cert. denied, --- U.S. ----, 111 S.Ct. 210, 112 L.Ed.2d 170 (1990)). The jury instructions given in this case included one errant phrase, but they were not misleading or inadequate and, taken as a whole, they correctly conveyed the concept of reasonable doubt to the jury.
 
 
 13
 Garcia further contends that the district court erred by restricting the scope of direct examination during his own testimony. The trial court correctly concluded that Garcia's statements to the informant concerning a possible money laundering organization were hearsay. The statements were significant because of their purported content (evidence that Garcia was not predisposed to join money laundering operation), and not because they had been made. See United States v. Simas, 937 F.2d 459, 465 (9th Cir.1991). Although the statements were hearsay, the district court erred, in ruling that the statements were inadmissible hearsay. The statements were admissible as evidence of Garcia's "then existing state of mind" under Rule 803(3) of the Federal Rules of Evidence. Although the district court erred by excluding this testimony, under United States v. Faust, "[a] trial court's evidentiary ruling will be reversed only where there has been an abuse of discretion, and only if that evidentiary error would have more likely than not affected the verdict." 850 F.2d 575, 585 (9th Cir.1988) (citing United States v. Emmert, 829 F.2d 805, 808 (9th Cir.1987)). In this case, Garcia was permitted to testify that he did not intend to make a deal with the informant. Additionally, Garcia was permitted to present evidence demonstrating that he lacked the requisite predisposition to engage in criminal conduct. The district court's exclusion of this testimony was not prejudicial.
 
 
 14
 Appellant next argues that the district court erred by excluding Garcia's testimony concerning the informant's description of a man known to Garcia as the leader of the informant's organization and questions asked of Garcia by that purported leader. The statements were non-hearsay, because they were offered solely to prove that the meetings did take place, and that the informant and this purported leader had directed statements and questions to Garcia. This evidence gives support to the "government inducement" element of Garcia's entrapment defense. The statements were not admissible to prove their content, but were admissible to prove that they had been made. United States v. Cantu, 876 F.2d 1134, 1137 (5th Cir.1989). The district court erred by excluding these statements. The testimony lost because of this erroneous ruling allegedly supported Garcia's claim of government inducement. This was by no means the only evidence of government inducement. Testimony at trial revealed that Garcia was motivated in large measure by the money and comfort promised by the purported drug trafficker's life-style. The informant drove a Mercedes Benz, and often gave Garcia rides home from work. Government money funded the trips the conspirators took to Arizona, Texas and Mexico. Garcia testified that he was promised a new car and eye surgery if he helped with the drug conspiracy. It was not hidden from the jury that the government used the lure of drug money to effect Garcia's participation. This is not impermissible. United States v. Stenberg, 803 F.2d 422, 432 (9th Cir.1986) (entrapment cannot be based on claim that defendant was induced to commit the crime by large sums of money). The jury learned, through witness testimony, that Garcia met with the informants frequently. The added evidence of government persuasion or inducement created by the occurrence of the statements would not likely have affected the verdict, and consequently the evidentiary ruling does not warrant reversal. Faust, 850 F.2d at 585.
 
 
 15
 Finally Garcia argues that the district court erred by failing to permit him to substitute counsel. Specifically, Garcia asserts that the district court should have inquired into the nature of the conflict he brought to the court's attention the morning of trial. The defendant relies upon United States v. Torres-Rodriguez, where this court reversed a defendant's conviction because the trial court denied the defendant's last minute request for substitution of counsel "without permitting any showing regarding the likelihood of delay, the nature of Torres' complaint or the degree to which the dispute with his attorney may have prevented an effective defense." 930 F.2d 1375, 1381 (9th Cir.1991).
 
 
 16
 In United States v. Mills, this court articulated three factors to be considered in reviewing the denial of a motion to substitute counsel: (1) timeliness of the motion; (2) adequacy of the court's inquiry into the defendant's complaint; and (3) whether the conflict between the defendant and his attorney was so great that it resulted in a total lack of communication preventing an adequate defense. 597 F.2d 693, 700 (9th Cir.1979). Under this three factor test, the defendant's claim in Torres-Rodriguez weighed strongly in favor of reversal: substitute counsel was present in the courtroom, and it was apparent from the record that communication between the defendant and his assigned counsel had completely deteriorated (Torres refused to speak with his assigned counsel at two pretrial meetings). These facts distinguished Torres-Rodriguez from United States v. McClendon, 782 F.2d 785 (9th Cir.1986), where this court affirmed the denial of a defendant's request to substitute counsel on the day of trial. In McClendon the trial court's denial was upheld because the substitution would certainly have caused delay, the record revealed no communication problems between the defendant and his assigned attorney, and "there was no showing that the alleged conflict was so great that it prevented McClendon from presenting an adequate defense." Id. 782 F.2d at 789.
 
 
 17
 Applying the three Mills factors to Garcia's claim shows that the facts of this case are more similar to those presented in McClendon. Had the district court granted Garcia's request for substitution of counsel, the trial would certainly have been delayed. Additionally, it was not apparent from the record that communication between Garcia and his appointed counsel had broken down. There was no indication in the record, as was the case in Torres-Rodriguez, that defense counsel was unable to present an effective defense. The district court did not err in denying Garcia's request for substitution of counsel.
 
 
 18
 The appellant's claim of ineffective assistance of counsel may be addressed pursuant to a collateral attack on the conviction under 28 U.S.C. § 2255. See United States v. Houtchens, 926 F.2d 824 (9th Cir.1991) (quoting Strickland v. Washington, 466 U.S. 668, 687-90 (1984)).
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3