John D. MILLS, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 210, 1998.

Supreme Court of Delaware.

Submitted: May 11, 1999.
Decided: June 29, 1999.

David J.J. Facciolo, Assistant Public Defender, Wilmington, Delaware, for appellant.

John Williams, Department of Justice, Dover, Delaware, for appellee.

Before VEASEY, Chief Justice, WALSH and HOLLAND, Justices.

HOLLAND, Justice.

The defendant-appellant, John D. Mills ("Mills"), was convicted, following a jury trial in the Superior Court, of Possession of a Destructive Weapon.[1] The Superior Court sentenced Mills as follows: three years at Level V incarceration, suspended after fifteen days for Level IV home confinement, which would be suspended after three months for decreasing levels of probation. This is Mills' direct appeal.

Mills has presented three issues for review by this Court. First, Mills argues that the Superior Court committed reversible error when it denied his request for a jury instruction on justification created by a choice of evils. Second, Mills contends that the Superior Court erred when it declined to grant his motion for a mistrial after "the prosecutor's impermissible references to Mills' decision not to testify." Finally, Mills alleges that the Superior Court committed reversible error by reducing the burden of proof in its jury instruction on the issue of reasonable doubt.

We have concluded that each of Mills' contentions is without merit. Accordingly,

---

1. 11 *Del.C.* § 1444. The original indictment charged Mills with Attempted Robbery, Possession of a Firearm During the Commission of a Felony, Possession of a Destructive Weapon and Conspiracy in the Second Degree. The State proceeded at trial on the count of Possession of a Destructive Weapon only.

we affirm the judgment of the Superior Court.

### Facts

At approximately 5:10 a.m. on April 27, 1997, Wilmington Police Department Patrol Officers Jeffrey Phillips ("Officer Phillips") and David A. Chorlton ("Officer Chorlton") were sent to 28th Street and Northeast Boulevard in the City of Wilmington. The officers were dispatched as the result of a 911 emergency call that was received from a pay phone in that area. The uniformed officers were patrolling in a marked police car approximately four or five blocks away when the message was received.

The officers observed Mills and Jerome Bailey ("Bailey") on Northeast Boulevard. As the patrol car approached the two men, Officer Chorlton informed Officer Phillips, the driver, that Mills had a sawed-off shotgun in his left hand. Officer Chorlton observed Mills lower the weapon to the side of his left leg and motion to Bailey to stand in front of him. Officer Phillips also observed this and proceeded to turn the patrol car around.

As the patrol car turned around, Officer Chorlton observed Mills bend down and lay the shotgun on the ground. Mills then stood up. Mills and Bailey continued walking across Northeast Boulevard. At that point, the officers exited their patrol car and secured the suspects. The officers retrieved the loaded shotgun, which was approximately ten inches long. The shotgun and the shell inside were admitted into evidence at trial by the State without an objection by the defense.

### Justification Defense Instruction Properly Denied

Prior to opening statements by each party's counsel, Mills' attorney advised the Superior Court that he might request a jury instruction on justification-choice of evils.[2] The Superior Court ruled that any determination with regard to that jury instruction was premature because the evidence to support such a request had not been presented. Nevertheless, the opening remarks to the jury by Mills' attorney suggested that a choice of evils defense would be presented. During opening statement, defense counsel made the following representation to the jury:

> My client apparently was with a couple of friends and at some point got out of his vehicle ... What occurred subsequently to this is almost immediately when he's getting around the car he realized that this particular item is next to his car. He picks up the item, has it in his possession for probably a very, very short period, realizes what this gun is, knows that it is not something that he should have in his possession and then puts it to the ground and walks away.

Although Mills subsequently presented no evidence at all on any issue, during the prayer conference, his defense attorney requested a jury instruction on justification-choice of evils.[3] The Superior Court denied the requested instruction on the basis that it was not supported by the record. We agree.

The justification-choice of evils defense codified in 11 *Del.C.* § 463 applies to situations where someone must decide in an emergency situation to commit what is otherwise a crime "to avoid an imminent

---

**2.** 11 *Del.C.* § 463 states in pertinent part: conduct which would otherwise constitute an offense is justifiable when it is necessary as an emergency measure to avoid an imminent public or private injury which is about to occur by reason of a situation occasioned or developed through no fault of the defendant, and which is of such gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding such injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute defining the offense in issue.
11 *Del.C.* § 463.

**3.** 11 *Del.C.* § 463.

public or private injury" which was not the result of the defendant's own conduct. Mills did not present any evidence in his own defense. Mills also failed to elicit any testimonial evidence to support a choice of evils instruction during the cross-examination of the State's witnesses.[4] Therefore, the Superior Court correctly refused to charge the jury on that issue.[5]

### State's Closing Argument
### Mistrial Motion Properly Denied

Second, Mills contends that the Superior Court abused its discretion when it refused to grant a mistrial after "the prosecutor's impermissible references to Mills' election not to testify in his own defense." During the State's closing argument, the prosecutor initially stated, "You've heard no evidence of any reason why he had that shotgun." Mills' defense counsel promptly objected to the statement as an impermissible comment on Mills' right not to testify or present any defense witnesses during the Superior Court trial and requested a cautionary jury instruction. The Superior Court then instructed the jury as follows: "Members of the jury, I instruct you in any criminal case, the defendant is under no obligation to bring forth any evidence whatsoever."

After the jury instruction, the prosecutor continued his closing argument as follows:

And as the defense is under no obligation to produce any evidence of any choice of evils or any reason why this gun was picked up, for example a reason like I didn't want it sitting there, some small child might play with it, or I didn't know what I was doing, I was curious, and none of those kind of defenses have come forward, nor do they have to.

Mill's defense counsel again objected and at sidebar moved for a mistrial. The pros-

ecutor responded to the second defense objection by stating:

I expressed what the defenses were, the defenses as they were brought up in the opening of [defense counsel]. He's the one that gave us those defenses in opening and produced no evidence of those whatsoever. It leaves me in a position when you bring up these arguments in opening and then don't bring up any evidence of them, then I'm in a position, and I need to address them. He brought them up in opening, and then it's left with me with those explanations, those arguments, out there and no evidence to back them up.

Mills' attorney replied that opening statements are not evidence but are meant to be an indication of what each side hoped to establish at trial.

In response to the second defense objection, the Superior Court directed the State "not to get further into argument about what defenses were suggested in the opening statement by defense counsel...." The Superior Court then gave the following additional cautionary instruction:

Members of the jury, I instruct you again that the defense is—any defendant in any criminal case is under no obligation to bring forth any evidence in a criminal case. The burden is upon the State always in every criminal case to prove beyond a reasonable doubt each and every element of the offense.

The Superior Court also specifically admonished the jury to "disregard entirely" the prosecutor's comments that were the subject of the second defense objection. The Superior Court reserved decision on the mistrial motion. The next day, after the jury found Mills guilty of Possession of a Destructive Weapon, the Superior Court denied the motion for a mistrial.

██  It is a violation of a defendant's Fifth Amendment right against self-in-

---

4. *See Daniels v. State,* Del.Supr., 538 A.2d 1104, 1106 (1988) (State's requested instruction supported by cross-examination of defense expert).

5. *Stansbury v. State,* Del.Supr., 591 A.2d 188, 190 (1991), *superseded by statute on other grounds, Taylor v. State,* Del.Supr., 679 A.2d 449 (1996).

crimination for a prosecutor to "draw a negative inference from the defendant's election not to testify at trial." [6] The State may not invite any inference of the defendant's guilt merely from his own failure to testify.[7] An "accurate characterization of the evidence as uncontradicted," however, is permissible.[8] This Court has previously noted that "between these two extremes lies an uncertain area of latitude for comment on a defendant's failure to testify." [9]

The Superior Court recognized that although the prosecution may comment upon the defendant's failure to produce evidence that was described during his or her attorney's opening statement to the jury,[10] it is a subject area that should be avoided by the State due to the omnipresent danger of violating a defendant's rights under the Fifth Amendment of the United States Constitution.[11] In this case, Mills had failed to either present or elicit any evidence to support a jury instruction regarding the theory of justification that had been described in his defense attorney's opening statement to the jury. The Superior Court balanced the probative value to the State's case of commenting on that obvious failure of proof against the potential for violating Mills' Fifth Amendment rights. The Superior Court's directions to the prosecutor during the recorded side bar conference and contemporaneous instructions to the jury properly resolved those competing considerations in favor of Mills.

█ We hold that the Superior Court did not abuse its discretion when it denied Mills' motion for a new trial. Both of the objections by Mills' attorney during the State's closing argument were timely. The trial judge's immediate clarifying instructions after each objection by Mills' attorney permitted the jury to properly discharge its function within the bounds of the law.

### No Plain Error
### Reasonable Doubt Instruction Proper

█ Finally, Mills contends that the Superior Court committed reversible error when it instructed the jury on the State's burden of proof. Specifically, Mills argues that the Superior Court erroneously defined the concept of proof beyond a reasonable doubt by describing it in part, as "proof that leaves you firmly convinced of the defendant's guilt." Mills did not object to this instruction. Therefore, the applicable standard of appellate review is plain error.[12]

█ Under a plain error standard, Mills must demonstrate that the alleged error was so prejudicial that it affected the outcome of his trial.[13] A trial judge's instructions to the jury are not a basis for reversal if they are reasonably informative and not misleading by common standards of verbal communication.[14] "As a general rule, a defendant is not entitled to a particular instruction, but does have the unqualified right to a correct statement of the law." [15]

█ In a state criminal proceeding, the Due Process Clause of the Fourteenth

6. *Robertson v. State*, Del.Supr., 596 A.2d 1345, 1356 (1991). *See also Griffin v. California*, 380 U.S. 609, 615, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); *Cook v. State*, Del.Supr., 374 A.2d 264, 269 (1977).

7. *Benson v. State*, Del.Supr., 636 A.2d 907, 910 (1994).

8. *Robertson*, 596 A.2d at 1356.

9. *Id.*

10. *Lockett v. Ohio*, 438 U.S. 586, 595, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978).

11. *Benson v. State*, Del.Supr., 636 A.2d 907, 910 (1994).

12. Supr.Ct.R. 8.

13. *Stevenson v. State*, Del.Supr., 709 A.2d 619, 633 (1998), *cert. denied*, —— U.S. ——, 119 S.Ct. 414, 142 L.Ed.2d 337 (1998).

14. *Chance v. State*, Del.Supr., 685 A.2d 351, 354 (1996).

15. *Flamer v. State*, Del.Supr., 490 A.2d 104, 128, *cert. denied*, 464 U.S. 865, 104 S.Ct. 198 (1983).

Amendment requires the government to prove the defendant's guilt by presenting sufficient evidence to establish every factual element of a charged offense beyond a reasonable doubt.[16] The United States Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof so long as the court instructs the jury on the necessity that the defendant's guilt be proved beyond a reasonable doubt.[17] Consequently, the Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course.[18] Rather, "taken as a whole, the instructions [must] correctly conve[y] the concept of reasonable doubt to the jury."[19] The United States Supreme Court has held that a jury instruction defining reasonable doubt that violates the Due Process Clause is a structural defect and, therefore, cannot be a harmless error.[20]

The reasonable doubt standard "dates at least from our early years as a Nation."[21] Proof beyond a reasonable doubt has "traditionally been regarded as the decisive difference between criminal culpability and civil liability."[22] Although the reasonable doubt standard is a venerable tenet of the American criminal justice system,[23] the search for one definition that passes constitutional muster and is acceptable in all jurisdictions continues to be a judicial work in progress.[24] The federal circuit courts of appeal have not only failed to agree on a single definition of reasonable doubt but are also divided on the question of whether any reasonable doubt instruction should even be given to the jury in criminal proceedings.[25] There is the same

**16.** *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The reasonable doubt standard is mandated by the United States Constitution in both state and federal prosecutions. *Id. See Sullivan v. Louisiana*, 508 U.S. 275, 278, 113 S.Ct. 2078,. 124 L.Ed.2d 182 (1993). The Delaware Criminal Code also provides that, "[n]o person may be convicted of an offense unless each element of the offense is proved by the State beyond a reasonable doubt." 11 *Del.C.* § 301(b).

**17.** *Victor v. Nebraska*, 511 U.S. 1,. 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994). *See Jackson v. Virginia*, 443 U.S. 307, 320, n. 14, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *Cf. Taylor v. Kentucky*, 436 U.S. 478, 485–86, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978).

**18.** *Victor v. Nebraska*, 511 U.S. 1, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994). *Cf. Hopt v. Utah*, 120 U.S. 430, 7 S.Ct. 614, 30 L.Ed. 708 (1887).

**19.** *Holland v. United States*, 348 U.S. 121, 140, 75 S.Ct. 127, 99 L.Ed. 150 (1954).

**20.** *Sullivan v. Louisiana*, 508 U.S. at 282, 113 S.Ct. 2078.

**21.** *In re Winship*, 397 U.S. at 361, 90 S.Ct. 1068.

**22.** *Jackson v. Virginia*, 443 U.S. at 315, 99 S.Ct. 2781.

**23.** For the historical development of the reasonable doubt standard, *see* Anthony A. Morano, *A Re-examination of the Development of*

*the Reasonable Doubt Rule*, 35 B.U.L.Rev. 507 (1975).

**24.** *Victor v. Nebraska*, 511 U.S. 1, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994).

**25.** Several federal appellate courts have concluded that "an attempt to define reasonable doubt presents a risk without any real benefit." *United States v. Hanson*, 7th Cir., 994 F.2d 403, 408 (1993), *quoting United State v. Hall*, 7th Cir., 854 F.2d 1036, 1039 (1988): *Accord United States v. Reynolds*, 7th Cir., 64 F.3d 292, 298 (1995). *See United States .v. Cassiere*, 1st Cir., 4 F.3d 1006, 1024 (1993). The Ninth Circuit has held that the jury instructions must include "meaningful principles or standards to guide [the jury] in evaluating the sufficiency of the government's evidence." *United States v. Wosepka*, 9th Cir., 757 F.2d 1006, 1009, *modified* 787 F.2d 1294 (1985). *See also, e.g., United States v. Oriakhi*, 4th Cir., 57 F.3d 1290, 1300, *cert. denied*, 516 U.S. 952, 116 S.Ct. 400, 133 L.Ed.2d 319, (1995) (court should not attempt to define reasonable doubt absent a specific request for a definition from the jury); *Thompson v. Lynaugh*, 5th Cir., 821 F.2d 1054, 1060–61, *cert. denied*, 483 U.S. 1035, 108 S.Ct. 5, 97 L.Ed.2d 794 (1987) (failure to define reasonable doubt does not deprive a defendant of due process). *See* 1 Devitt, Blackmar et al., *Federal Jury Practice and Instruction*, § 12.10 (1992, 1998 and 1999 Supp.) (collecting the positions in each federal circuit on defining reasonable doubt). *See also* Note, *Reasonable Doubt: An Argument Against Definition* 108 Harv.L.Rev. 1955, 1956–60 (1995).

disparity of views among the highest courts in each state.[26]

Delaware is a jurisdiction in which trial judges have a long history of defining the concept of reasonable doubt as part of the instructions to the jury in a criminal proceeding. The Delaware Criminal Code provides: "the defendant is entitled to a jury instruction that the jury must acquit if they fail to find each element of the offense proved beyond a reasonable doubt."[27] In addition, under 11 *Del.C.* § 302(b), if the defendant raises evidence "tending to negate the existence of any element of the offense, and, if the court finds that a reasonable juror might believe that evidence, the defendant is entitled to a jury instruction that the jury must consider whether the evidence raises a reasonable doubt as to the defendant's guilt."

Many scholarly studies have concluded that "jurors are often confused about the meaning of reasonable doubt" when that concept is not defined in the trial judge's instructions.[28] A majority of courts have concluded that reasonable doubt is an issue that is "simply too important to mention and not to explain" to the jury.[29] We adhere to the view that it is desirable to define reasonable doubt for the jury in a criminal proceeding.

For at least the last two decades, the following jury instruction has been given in Delaware criminal proceedings regarding the State's burden of proof and the definition of reasonable doubt:

The burden of proof is upon the State to prove to the satisfaction of the jury beyond a reasonable doubt the existence of all of the elements necessary to constitute the crime in question. If, after carefully considering all of the evidence, you have a reasonable doubt of defendant's guilt, then you should find him not guilty.

Reasonable doubt means a doubt based upon reason and common sense which arises from a fair and rational consideration of all of the evidence, or the lack of evidence, in this case. Proof beyond a reasonable doubt does not mean that the guilt of the accused must be established to an absolute certainty. Such a requirement would be impracticable and unreasonable. Reasonable doubt does not mean a vague, speculative doubt, nor a mere possible doubt; ... it is such a doubt as intelligent, reasonable and impartial people may honestly entertain after a careful and conscientious consideration of the evidence in the case.[30]

**26.** Reid's Branson Instructions to Juries § 3308 (1994, 1998 Supp.) (collecting each state's position on defining reasonable doubt). The United States Supreme Court has no supervisory jurisdiction to impose uniformity upon them in the American's federal system of dual sovereignty. *Victor v. Nebraska*, 511 U.S. 1, 17, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994).

**27.** 11 *Del.C.* § 302(a).

**28.** Note, *Reasonable Doubt: To Define, or Not to Define*, 90 Colum.L.Rev. 1716, 1723 (1990). Norman J. Finkle, *Commonsense Justice: Juror's Notions of the Law* 53 (1995). *See also*, Walter W. Steele & Elizabeth G. Thornburg, *Jury Instructions: A Persistent Failure to Communicate*, 67 N.C.L.Rev. 77, 88–94 (1988); David U., Strawn & Raymond W. Buchanan, *Jury Confusion: A Threat to Justice*, 59 Judicature 478, 480–82 (1976).

**29.** John S. Siffert, *Instructing on the Burden of Proof and Reasonable Doubt*, 8 U. Bridgeport L.Rev. 365, 367 (1987). *See also* Jon O. Newman, *Beyond "Reasonable Doubt,"* 68 N.Y.U.L.Rev. 979, 984 (1993) ("[It is] rather unsettling that we are using a formulation that [some] believe will become less clear the more we explain it."); *Cf.* Note, *Reasonable Doubt: An Argument Against Definition*, 108 Harv.L.Rev. 1955 (1995).

**30.** An earlier Delaware definition of reasonable doubt that included the adjective "substantial" was reviewed by this Court in *Lane v. State*, Del.Supr., 222 A.2d 263 (1966). A variation on the jury instruction by this Court in *Lane* is still frequently used in the Superior Court. We note, however, that subsequent to *Lane*, the United States Supreme Court held that defining reasonable doubt as a substantial doubt, "though perhaps not in itself reversible error, often has been criticized as confusing." *Taylor v. Kentucky*, 436

In Mills' case, the Superior Court's instructions to the jury defined reasonable doubt as follows:

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Therefore, if, based on your conscientious consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you should find the defendant guilty. If, on the other hand, you think there's a reasonable possibility, or in other words, a reasonable doubt that the defendant is not guilty, you must give the defendant the benefit of that doubt by finding the defendant not guilty.[31]

The definition of reasonable doubt that was given to Mills' jury is almost identical to the model explanation proposed by the Federal Judicial Center:

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged,

you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.[32]

That model was cited with approval in *Victor* by the majority.[33] In her concurring opinion, Justice Ginsberg stated "this model instruction surpasses others I have seen in stating the reasonable doubt standard succinctly and comprehensively." [34] The use of the Federal Judicial Center's Pattern Criminal Jury Instructions has been mandated by the Arizona Supreme Court and recommended by a majority of the Indiana Supreme Court.[35]

■ In *Winship*, the United States Supreme Court held that the Due Process Clause requires the government to prove a criminal defendant's guilt beyond a reasonable doubt.[36] When a trial court chooses to define reasonable doubt, it must not lead the jury to convict on a lesser showing than the Due Process Clause's requirement that the government prove the criminal defendant's guilt beyond a reasonable doubt.[37] In other words, the definition may not impose a higher degree of doubt than the Due Process Clause requires for an acquittal.[38]

U.S. 478, 488, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978).

**31.** The jury instruction that was given in Mills' case has been used by some judges of the Superior Court for approximately five years.

**32.** Federal Judicial Center, *Pattern Criminal Jury Instructions*, Instruction 21 (1987).

**33.** *Victor v. Nebraska,* 511 U.S. 1, 26, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994).

**34.** *Victor v. Nebraska,* 511 U.S. 1, 26, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994).

**35.** *Arizona v. Portillo,* Ariz.Supr., 182 Ariz. 592, 898 P.2d 970, 974 (1995) and *Winegeart v. State,* Ind.Supr., 665 N.E.2d 893, 894 (1996).

**36.** *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

**37.** *Victor v. Nebraska,* 511 U.S. 1, 22, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994).

**38.** *See Cage v. Louisiana,* 498 U.S. 39, 41, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990). In *Cage,* the United States Supreme Court held that the following definition of reasonable doubt violated the Due Process Clause:

[a reasonable doubt] is one that is founded upon a real tangible substantial basis and not upon mere caprice and conjecture. *It must be such doubt as would give rise to a grave uncertainty,* raised in your mind by reasons of the unsatisfactory character of the evidence or lack thereof. A reasonable doubt is not a mere possible doubt. *It is an actual substantial doubt.* It is a doubt that a reasonable man can seriously entertain. What is required is not an absolute or mathematical certainty, but a *moral certainty.*

*Id.* at 40, 111 S.Ct. 328 (emphasis in original). *Accord Sullivan v. Louisiana,* 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993).

■ The issue presented to this Court by Mills has been framed by the United States Supreme Court as "whether there is a reasonable likelihood that the jury understood the instructions to allow conviction based on proof insufficient to meet the *Winship* standard." [39] The same definition of reasonable doubt that was given to Mills' jury was upheld by this Court last year in the context of a statutory challenge.[40] In Mills' case, we have concluded there is no reasonable likelihood that the jurors who determined Mills' guilt applied the instructions in a way that violated the United States Constitution.[41] The definition of reasonable doubt given to the Mills' jury, when read in the complete context of the instructions, correctly conveyed that concept and comported with the requirements of Due Process.[42] *A fortiori*, Mills has failed to demonstrate plain error.

### Conclusion

The judgment of the Superior Court is affirmed.

---

**39.** *Victor v. Nebraska*, 511 U.S. at 6, 114 S.Ct. 1239.

**40.** *Glover v. State*, Del.Supr., 1998 WL 278599, Berger, J. (May 7, 1998) (ORDER).

**41.** *Victor v. Nebraska*, 511 U.S. at 6, 114 S.Ct. 1239.

**42.** *Holland v. United States*, 348 U.S. 121, 140, 75 S.Ct. 127, 99 L.Ed. 150 (1954); *Flamer v. State*, Del.Supr., 490 a.2d 104, 128 (1983), *cert. denied*, 464 U.S. 865, 104 S.Ct. 198 (1983).