**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3688
_____

UNITED STATES OF AMERICA

v.

HASSAN SCOTT,
                          Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 08-cr-00789-001)
District Judge:  Honorable William H. Walls
_____

Submitted Under Third Circuit LAR 34.1(a)
December 5, 2011
_____

Before: HARDIMAN, BARRY and VAN ANTWERPEN, Circuit Judges

(Opinion Filed: January 9, 2012)
_____

OPINION
_____

BARRY, Circuit Judge

    Appellant Hassan Scott appeals his judgment of conviction after being found

guilty by a jury of several drug and firearms offenses.  We will affirm.

# I.

We write for the benefit of the parties and recite only the facts essential to our disposition. Because this appeal comes to us following a jury's guilty verdict, we set forth the facts in the light most favorable to the government.

On June 1, 2008, several Newark police officers were on patrol when they observed Scott drinking alcohol in public. As the officers approached Scott, he retreated down a nearby alleyway. The officers pursued him, and there was a confrontation in the alleyway during which Scott pulled a gun from his waistband. A physical struggle ensued and the officers wrested the gun from him. The officers placed him under arrest, searched him, and discovered an open "brick" of heroin in his pants pocket. The gun recovered from Scott was a loaded Cobray 9mm semi-automatic pistol.

Scott was indicted and the case proceeded to trial on three counts: possessing heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C) (Count One); using or carrying a firearm during and in relation to a drug trafficking crime, possessing a firearm in furtherance of such a crime, and brandishing the firearm in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Three). At the close of the evidence, the government requested two separate jury instructions for Count Two. The first instruction required the jury to find that Scott "possessed" a firearm "in furtherance" of the drug trafficking crime. The second instruction required the jury to find that "during

and in relation to" the commission of the drug trafficking crime, Scott knowingly "used or carried a firearm." The government contended that the jury could find that Scott violated § 924(c)(1) under either theory. The District Court, however, refused to give the first instruction (possession in furtherance), finding that there was "no evidential base" for that instruction. Instead, the District Court gave only the second requested instruction. Scott did not object to the jury instructions. The jury returned guilty verdicts on all three counts.[1] Following sentencing, Scott timely appealed.

## II.

The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## A.

Scott's primary argument on appeal relates to his conviction under 18 U.S.C. § 924(c). Section 924(c) provides, in relevant part, that:

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall . . . be sentenced to a term of imprisonment of not less than 5 years . . . .

18 U.S.C. § 924(c)(1)(A)(i). The plain language of the statute therefore has two separate prongs, either of which standing alone is sufficient to support a conviction under § 924(c): (1) "using or carrying" a firearm "during and in relation to" the underlying

---

[1] With respect to Count Two, however, the jury found that the government did not prove that Scott also "brandished" the firearm.

offense; or (2) "possessing" a firearm "in furtherance" of the underlying offense.

Scott argues that the District Court constructively amended the indictment in its instructions to the jury on § 924(c). Among other things, Scott objects to the verdict form, which asked whether the government proved that Scott "during and in relation to a drug trafficking crime . . . and in furtherance of such crime, did knowingly use and carry a firearm, a Cobray CM-11, 9mm semi-automatic pistol?" Scott argues that this verdict form impermissibly cross-matched the elements from the first prong of § 924(c) (*i.e.*, "used or carried" a firearm) with an element from the second prong (*i.e.*, "in furtherance"). According to Scott, this created a whole new "offense" which was not contained in the indictment and is not criminalized by § 924(c). Because Scott did not raise this objection before the District Court, we review only for plain error.[2]

A constructive amendment occurs when "jury instructions at trial modify essential terms of the charged offense in such a way that there is a substantial likelihood that the jury may have convicted the defendant for an offense differing from the offense the indictment returned by the grand jury actually charged." *United States v. Daraio*, 445 F.3d 253, 259–60 (3d Cir. 2006). Viewing the jury instructions as a whole, however, we cannot find the requisite "substantial likelihood" in this case. Scott's examples of

---

[2] Under plain error review, the burden is on Scott to demonstrate "that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010) (internal quotation marks omitted).

4

improper mingling of the § 924(c) prongs are dwarfed in both frequency and emphasis by instructions stating the proper legal standard for conviction. Critically, when instructing the jury on the precise elements for conviction on Count Two, the District Court properly stated the standard for conviction on the first prong of § 924(c) without mingling the elements, instructing the jury only to find Scott guilty if they concluded beyond a reasonable doubt that "*during and in relation to* the commission of that crime, he knowingly *used or carried* a firearm." The instructions also specifically defined the phrases "used, uses or carries the firearm" and "during and in relation to," which strongly indicated to the jury that those were the key inquiries for their consideration. These elements were also reinforced by other portions of the charge, as well as by the closing argument of the prosecutor. Viewed in light of the repeated, correct instructions and statements on § 924(c), Scott has failed to meet his burden of showing that the passing references to the "in furtherance" prong constructively amended his indictment.

Moreover, Scott's argument is also unpersuasive because he failed to demonstrate that the inclusion of the "in furtherance" language "broaden[ed] the possible bases for conviction from that which appeared in the indictment." *United States v. McKee*, 506 F.3d 225, 229 (3d Cir. 2007). On the contrary, we conclude based on the record evidence in this case that a jury finding that Scott carried the firearm "in furtherance" of the drug trafficking crime would necessarily subsume a finding that he carried the firearm "during and in relation to" that crime. In other words, the inclusion of the "in furtherance"

5

language effectively narrowed the possible grounds for conviction because it suggests a higher standard of conduct than that required by the "during and in relation to" language. *See United States v. Loney*, 219 F.3d 281, 287 (3d Cir. 2000) (noting that "Congress may well have intended 'in furtherance' to impose a more stringent standard than 'in relation to.'").[3] Because Scott has failed to meet his burden of showing plain error, we will not overturn his conviction on this ground.

## B.

Scott next contends that the indictment was defective because it charged him with both prongs of § 924(c) in a single count. Scott argues that § 924(c) should be read as creating two separate criminal offenses, and an indictment that joins two distinct offenses is duplicitous. "Duplicity is the improper joining of distinct and separate offenses in a single count." *United States v. Root*, 585 F.3d 145, 150 (3d Cir. 2009). The concern underlying duplicitous counts is that the duplicity "may conceal the specific charges, prevent the jury from deciding guilt or innocence with respect to a particular offense, exploit the risk of prejudicial evidentiary rulings, or endanger fair sentencing." *United States v. Rigas*, 605 F.3d 194, 210 (3d Cir. 2010). "If the doctrine of duplicity is to be more than an exercise in mere formalism, it must be invoked only when an indictment

---

[3] Indeed, several of our sister circuits have reached this same conclusion. *See United States v. Lloyd*, 462 F.3d 510, 514 n.1 (6th Cir. 2006) ("charging use or carriage of a firearm in furtherance of a violent or drug trafficking crime would not create [a] problem because a fact-finder's determination that the higher 'in furtherance' of participation was met, would mean the lower 'during and in relation to' standard would necessarily be met

affects the policy considerations that underlie that doctrine." *Root*, 585 F.3d at 155. A count should not be found impermissibly duplicitous simply because it combines allegations that could have been stated as separate offenses, but rather only "when the failure to do so risks unfairness to the defendant." *Id.* Scott did not object to the indictment before the District Court, so once again we review only for plain error.

We need not decide in this case whether § 924(c) does in fact create two separate offenses because, even assuming that it does, Scott's duplicity argument has no merit. First, Scott cannot prove that the error, if any, was "clear or obvious" when he concedes that this Court has not yet ruled in a precedential opinion that the statute sets forth two distinct offenses, and the circuit courts that have ruled are split on the issue. *Cf. United States v. Combs*, 369 F.3d 925, 933 (6th Cir. 2004) (finding that § 924(c) "criminalizes two separate and distinct offenses."); *United States v. Arreola*, 467 F.3d 1153, 1158 (9th Cir. 2006) (concluding that § 924(c) "does not create two separate offenses" but rather identifies two ways to commit one crime).

Second, Scott has failed to prove the joining of the two prongs in a single count risked unfairness to him. The indictment merely tracked the language of § 924(c) itself, and Scott does not argue it concealed the specific charges against him. Furthermore, because the District Court allowed only one of the two § 924(c) prongs to go to the jury, we cannot see how the indictment prevented the jury from deciding guilt or innocence

as well."); *United States v. Gamboa*, 439 F.3d 796, 810 (8th Cir. 2006) ("'during and relation to' is encompassed by the broader language 'in furtherance of.'").

with respect to a particular offense. Finally, Scott has failed to demonstrate how the joining of both prongs in the indictment in any way created the risk of prejudicial evidentiary rulings, endangered fair sentencing, prevented him from receiving adequate notice, or otherwise risked any kind of unfairness to him. In light of the above, we cannot find plain error on this ground.

## C.

Scott's next argument is that the District Court erred in refusing to grant a mistrial based on allegedly improper comments by the prosecutor during summation. A district court's denial of a mistrial is reviewed for abuse of discretion, *United States v. Hakim*, 344 F.3d 324, 328 (3d Cir. 2003), and we will reverse only where the remarks, viewed in context, "were sufficiently prejudicial to have deprived the defendant of his right to a fair trial." *United States v. Retos*, 25 F.3d 1220, 1224 (3d Cir. 1994).

During the defense summation, Scott's attorney criticized the government for failing to call one of the police officers who was present on the night of Scott's arrest, and suggested that, had the officer been called, he was "pretty sure [the jury] would have gotten another version of what happened that night." In its rebuttal, the government retorted that the defense was also free to call the officer but "[t]hey didn't take the simple step of sending the subpoena to call [the officer] when they could have." Following the summations, the District Court raised the issue of the government's remarks and found them to be improper. The District Court concluded, however, that the remarks do "not

8

call for the grant of a mistrial" and issued a curative instruction to the jury instead.

We find no abuse of discretion in this case. At the outset, as the government notes, it is arguable whether the comments were actually improper. *See, e.g.*, *United States v. Keller*, 512 F.2d 182, 186 (3d Cir. 1975) ("It is perfectly proper to comment on the failure of the defense to call a potentially helpful witness, at least where, as here, the comment could not be construed as a comment on the failure of the defendant to testify."). In any case, we need not decide the issue because any impropriety in the remarks was cured by the District Court's immediate issuance of a strongly-worded curative instruction. The District Court instructed the jury to disregard the government's comments, reaffirmed that Scott was presumed innocent and had no burden to produce evidence, and reminded the jury that the burden of proof rested solely with the government. Because the remarks, viewed in light of the curative instruction, did not deprive Scott of his right to a fair trial, the District Court did not err in denying a mistrial.

## D.

Scott's final claim is that the government violated its obligations under *Brady v. Maryland*, 373 U.S. 83 (1973), by failing to disclose a pending civil rights lawsuit and tort claims notice against two of the police officers who testified in this case. Scott notes, however, that his *Brady* claim had not been presented to the District Court because this information was discovered only after the present appeal was filed. Because the *Brady* claim raises fact-bound questions such as whether the federal prosecutors had

9

constructive knowledge of information possessed by state agents, we decline to rule on the claim, without prejudice to Scott's ability to raise the claim before the District Court in a motion under 28 U.S.C. § 2255.

## III.

For the foregoing reasons, we will affirm Scott's judgment of conviction.